OPINION
{¶ 1} Rion T. MacConnell appeals pro se from the trial court's entry of judgment against him on his small-claims complaint against appellee Albert A. Nellis. In his sole assignment of error, MacConnell contends the trial court erred in overruling his objections and adopting a magistrate's report.
 {¶ 2} The record reflects that MacConnell filed a complaint against Nellis in the Kettering Municipal Court, Small Claims Division, alleging that Nellis had reneged on a promise to pay the cost of a real estate appraisal. The matter proceeded to trial before a magistrate. On April 16, 2003, the magistrate filed a short report, finding as follows:
 {¶ 3} "Plaintiff alleges that Defendant orally agreed to pay for an appraisal on a piece of real estate. Plaintiff's mother, Rita MacConnell, testified she heard Defendant agree to pay for the appraisal. Defendant is Mrs. MacConnell's brother-in-law. Defendant vehemently denies agreeing to pay for any appraisal.
 {¶ 4} "The court is not persuaded by Plaintiff's claims.
 {¶ 5} "It is, therefore, the opinion of this Magistrate that Judgment should be granted in favor of Defendant with costs assessed to Plaintiff."
 {¶ 6} MacConnell subsequently filed a written objection, arguing that the magistrate's ruling was against the weight of the evidence. MacConnell did not provide the trial court with a transcript or a recording of the trial. Instead, he supplied the trial court with affidavits from himself and his mother. In the affidavits, MacConnell and his mother purported to repeat testimony that they had given before the magistrate. In particular, they averred that Nellis had promised to pay for the appraisal, that he had reneged, and that he once had stated, "If anything I would only agree to pay for half [of the appraisal]." MacConnell and his mother also averred that Nellis' only evidence at trial was his own sworn testimony that he never agreed to pay for the appraisal. Although the record contains no request for findings of fact from the magistrate, MacConnell also objected to the bare statement in the magistrate's report that the magistrate was "not persuaded." According to MacConnell, this statement was insufficient to enable the trial court to evaluate the evidence.
 {¶ 7} In a May 1, 2003, decision and judgment entry, the trial court overruled MacConnell's objection and entered judgment in favor of Nellis. In support, the trial court reasoned as follows:
 {¶ 8} "This matter is before the Court for review of the Plaintiff's Objection to Magistrate's Report timely filed herein. The Plaintiff's objection amounts to the filing of his affidavit and that of his mother. Both affidavits restate testimony provided by each at the hearing on Plaintiff's Small Claim Complaint.
 {¶ 9} "As noted by the Plaintiff, the Magistrate noted in his Report that, `The Court is not persuaded by Plaintiff's claims.' The Magistrate heard the testimony of the parties and the Plaintiff's mother, and assigned a degree of credibility to each. The Magistrate found the testimony of the Plaintiff and his mother did not sustain the assigned burden of persuasion of proof of the Plaintiff's claim by a preponderance of the evidence.
 {¶ 10} "The Court finds the Plaintiff's Objection is not well taken, and overrules the same. The Court has reviewed the Report of Magistrate and finds that it is in conformance with existing law. The Court hereby enters judgment in favor of the Defendant with costs assessed to the Plaintiff." This timely appeal followed.
 {¶ 11} In his assignment of error, MacConnell contends the trial court's ruling is against the manifest weight of the evidence. MacConnell's appellate brief, however, actually contains several arguments. First, he suggests that the trial court merely "rubber stamped" a magistrate's decision that lacked findings of fact. Second, he asserts that the trial court failed to rule on his objection. Third, he claims the trial court failed to conduct an independent analysis of the facts. Fourth, he argues that the trial court's ruling is against the weight of the evidence because he and his mother testified that Nellis reneged on a promise to pay, whereas Nellis presented only his own testimony to the contrary.
 {¶ 12} Upon review, we find no merit in MacConnell's arguments. Although the trial court's written decision is not lengthy, it did not merely "rubber stamp" the magistrate's decision. With regard to findings of fact in the magistrate's decision, we note that MacConnell never requested such findings as required by Civ.R. 53(E)(2). In any event, the magistrate's ruling contained sufficient factual findings. The only issue in this case was whether Nellis agreed to pay for an appraisal. The magistrate noted that MacConnell and his mother testified to the existence of such an agreement, whereas Nellis denied the existence of any agreement to pay. The magistrate evaluated the credibility of the witnesses and concluded that MacConnell failed to prove his claim. No other findings were necessary.
 {¶ 13} We also find no merit in MacConnell's argument that the trial court failed to rule on his objection. In its decision and judgment entry, the trial court expressly overruled the objection. MacConnell's argument concerning the weight of the evidence is equally unpersuasive. In support of this claim, MacConnell notes that he and his mother both testified about Nellis' promise to pay for an appraisal, whereas Nellis' only evidence was his sworn denial of such a promise. MacConnell recognizes that his testimony and Nellis' testimony could be considered self-serving because they are the litigants in this case. MacConnell argues that he should have prevailed, however, because he also supported his claim with testimony from his mother, who "should be considered as [providing] unbiased testimony." Contrary to MacConnell's argument, the trial court was not required to accept the testimony of his mother. Indeed, given the existence of a mother-son relationship, the trial court reasonably may have concluded that she was biased.
 {¶ 14} Finally, we reject MacConnell's argument concerning the trial court's alleged failure to conduct an independent analysis of the facts. As noted above, the crucial factual dispute concerned whether Nellis had agreed to pay for an appraisal. The magistrate determined that MacConnell failed to prove the existence of such an agreement. In objecting to this finding, MacConnell provided the trial court with affidavits from himself and his mother. Under Civ.R. 53(E)(3)(b), "any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." (Emphasis added).
 {¶ 15} In the present case, the affidavits provided by MacConnell and his mother purport to recite the testimony heard by the magistrate. As a preliminary matter, however, we note that neither the affidavits nor anything else in the record establishes that a transcript of the proceedings was unavailable. As the Eleventh District observed in Dintinov. Dintino (Dec. 31, 1997), Trumbull App. No. 97-T-0047, "[t]he element of availability is not something which is discretionary with the appellant." Rather, the record must demonstrate that a transcript is unavailable before a party may proceed with an affidavit of the evidence. Id.; see also Weitzel v. Way, Summit App. No. 21539, 2003-Ohio-6822 (observing that Civ.R. 53(E)(3)(b) allows a party to rely on an affidavit rather than a transcript when (1) the party demonstrates that a transcript is unavailable and (2) the affidavit describes all relevant evidence presented at the hearing); Marino v. Painter (Aug. 6, 1999), Trumbull App. No. 98-T-0031, n. 4 (same). In light of MacConnell's failure to demonstrate the unavailability of a transcript, he was not entitled to rely on affidavits of the evidence before the magistrate.
 {¶ 16} Even if we consider the affidavits, we find MacConnell's argument unpersuasive. The trial court's decision and judgment entry suggests that it independently did analyze the facts set forth in the affidavits. The trial court expressly recognized that the affidavits restated the testimony provided at the hearing before the magistrate. The trial court then noted that the magistrate had assessed the credibility of the witnesses and had found MacConnell's claim unpersuasive. Although this portion of the trial court's ruling may imply some improper deference to the magistrate's credibility determinations,[1] the short affidavits supplied by MacConnell and his mother scarcely enabled the trial court to assess the relative credibility of the witnesses. In essence, MacConnell and his mother averred that a promise was made and that Nellis had denied the existence of a promise. Faced with such scant evidence, a trial court would be hard pressed to evaluate witness credibility at all. In any event, given that the trial court properly reviewed the only evidence before it, we reject MacConnell's argument and affirm the judgment of the Kettering Municipal Court, Small Claims Division.
Judgment affirmed.
Wolff, J., and Grady, J., concur.
[1] In Yacovone v. Yacovone (Sept. 11, 1998), Miami App. No. 97-CA-66, we recognized that a trial court must make de novo factual determinations through an independent analysis of the evidence. In that case, the trial court's decision stated that "[t]he Magistrate, as the finder of fact is in the superior position of assessing and weighing the credibility of the witnesses. * * * When the Court factors in the credibility of the witnesses as ascertained by the Magistrate, * * * it adopts the Magistrate's Decision." Upon review, we noted that the foregoing language suggested improper deference to the magistrate. We nevertheless affirmed the trial court's judgment because the trial court also noted that it had considered the evidence necessary to perform an independent evaluation. In the present case, unlike Yacovone, the trial court did not expressly state that the magistrate was in a superior position to assess witness credibility. Instead, the trial court merely observed that the magistrate had assigned a degree of credibility to the testimony of each witness. At most, the trial court implied that it gave some deference to the magistrate's credibility determinations. As in Yacovone, however, the trial court's ruling also indicates that it independently considered the only evidence before it. See also Quick v. Kwiatkowski, Montgomery App. No. 18620, 2001-Ohio-1498 (noting that a trial court may not defer to a magistrate in the exercise of its de novo review, but also recognizing that "the judgment of the magistrate on issues of credibility is, absent other evidence, the last word on the issue for all practical purposes").