STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY et al., Appellees,

v.

FOX, Appellant.

[Cite as *State Farm Mut. Auto. Ins. Co. v. Fox,* 182 Ohio App.3d 17, 2009-Ohio-1965.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22725.

Decided April 17, 2009.

18

Jonathan L. Beck, for appellees.

Chad M. Sizemore, for appellant.

DONOVAN, Presiding Judge.

{¶ 1} Defendant-appellant, Ronald Fox, appeals a decision of the Miamisburg Municipal Court, which sustained the objections of plaintiff-appellee State Farm Mutual Automobile Insurance Company and overruled the decision of the magistrate. The judgment entry overruling the decision of the magistrate was issued by the trial court on April 8, 2008. On April 15, 2008, Fox filed a timely notice of appeal with this court.

I

{¶ 2} The incident that forms the basis of this appeal occurred on January 31, 2006, when a tractor-trailer driven by Fox struck an automobile driven by Jason Baran with his wife, Chloe Baran, as a passenger. The Barans and their insurer, State Farm, filed a complaint on December 4, 2006, alleging injuries and damages stemming from the collision. The complaint alleged that Fox was liable to State Farm for the amount it had paid to the Barans for their damaged vehicle and medical bills. The complaint also alleged that Fox was liable to the Barans for $500, the amount of the Barans' insurance deductible with State Farm.

{¶ 3} The case was referred to a magistrate who held a trial between the parties on November 27, 2007. The magistrate issued a decision on January 16, 2008, in which it was found that Fox's negligent operation of his vehicle caused the accident with the Barans. Despite the finding of negligence, however, the magistrate found that "no credible evidence [was] presented by Mr. Baran to establish the value of the motor vehicle." The magistrate further held that the evidence established that Jason Baran paid State Farm a $500 deductible. Thus, the magistrate entered judgment in favor of the Barans, and against Fox, in the amount of $500, plus interest and costs.

{¶ 4} State Farm filed objections to the magistrate's decision in which it requested that the trial court set aside the judgment of the magistrate and award the plaintiffs the full amount requested in their complaint. State Farm did not file a transcript of the proceedings with its objections, nor did it submit an affidavit that stated that the transcript was unavailable. Fox did not file a response to State Farm's objections.

{¶ 5} As previously stated, the trial court sustained State Farm's objections and overruled the magistrate's decision in an entry filed on April 8, 2008. The trial court ordered Fox to pay State Farm $2,842.75, the amount State Farm had

paid to the Barans for their insurance claim. The court also ordered Fox to pay the Barans $500 for the amount they paid to State Farm for their deductible.

{¶ 6} It is from this judgment that Fox now appeals.

## II

{¶ 7} Fox's sole assignment of error is as follows:

{¶ 8} "The trial court abused its discretion by sustaining State Farm's objections to the magistrate's decision."

{¶ 9} In his sole assignment, Fox contends that the trial court erred by sustaining State Farm's objections because it had no basis upon which to overrule the magistrate's findings of fact involving the credibility of the evidence regarding the amount of State Farm's damages. Specifically, Fox argues that without a transcript of the proceedings before the magistrate, the trial court did not have the necessary record before it in order to properly review the magistrate's decision. Thus, the trial court's entry sustaining State Farm's objections was an abuse of discretion.

{¶ 10} In accordance with Civ.R. 53, the trial court must conduct an independent review of the facts and conclusions contained in the magistrate's report and enter its own judgment. *Dayton v. Whiting* (1996), 110 Ohio App.3d 115, 118, 673 N.E.2d 671. Thus, the trial court's standard of review of a magistrate's decision is de novo.

{¶ 11} An abuse-of-discretion standard, however, is the appellate standard of review when reviewing a trial court's adoption of a magistrate's decision. Claims of trial court error must be based on the actions taken by the trial court itself, rather than the magistrate's findings or proposed decision. When an appellate court reviews a trial court's adoption of a magistrate's report for an abuse of discretion, such a determination will only be reversed where it appears that the trial court's actions were arbitrary or unreasonable. *Proctor v. Proctor* (1988), 48 Ohio App.3d 55, 60–61, 548 N.E.2d 287. Presumptions of validity and deference to a trial court as an independent fact-finder are embodied in the abuse-of-discretion standard. *Whiting.*

{¶ 12} An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. When applying the abuse-of-discretion standard, an appellate court may not merely substitute its judgment for that of the trial court. *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.

█ {¶ 13} Pursuant to Civ.R. 53(D)(3)(b)(iii), "[a]n objection to a factual finding * * * shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." The Supreme Court of Ohio has established that the consequences on appeal of failing to supply the appropriate transcript or affidavit is that (1) "appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report," and (2) "the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record." *State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 730, 654 N.E.2d 1254. Thus, we review the instant appeal "to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion." Id. Generally, a trial court abuses its discretion when it adopts a magistrate's decision without first considering a transcript. *155 N. High Ltd. v. Cincinnati Ins. Co.* (1991), 75 Ohio App.3d 253, 263, 599 N.E.2d 352.

{¶ 14} In the instant case, the affidavit provided by State Farm purports to recite the testimony adduced by the magistrate. The affidavit provided by State Farm, which was attached to its objections to the magistrate's decision, contains discovery responses to interrogatories and requests for documents, as well as documentation regarding the sums allegedly paid by State Farm to the Barans for their insurance claim. We must note, however, that neither the affidavit nor anything else in the record establishes that a transcript of the proceedings was unavailable as required by Civ.R. 53(D)(3)(b)(iii). On appeal, State Farm filed a motion requesting that a written transcript of the trial in front of the magistrate be provided at Fox's expense. We overruled State Farm's motion, holding that "to the extent the hearing transcript was not already filed as part of the trial court's record for the trial court when ruling on objections, the transcript cannot be considered by this court." State Farm's request that a transcript be provided by Fox in order to supplement the appellate record undermines its assertion that the transcript was unavailable.

█ {¶ 15} " '[T]he element of availability is not something which is discretionary with the appellant.' Rather, the record must demonstrate that a transcript is unavailable before a party may proceed with an affidavit of the evidence." *MacConnell v. Nellis,* Montgomery App. No. 19924, 2004-Ohio-170, 2004 WL 67963, ¶ 15, quoting *Dintino v. Dintino* (Dec. 31, 1997), Trumbull App. No. 97–T–0047, 1997 WL 817834, *2. In light of State Farm's failure to demonstrate the unavailability of a transcript, it was not entitled to rely on an affidavit of the evidence before the magistrate. Id.

{¶ 16} The Twelfth District Court of Appeals was presented with a similar situation in *Scarborough v. Storms* (Nov. 22, 1999), Warren App. No. CA99–05–

054, 1999 WL 1057229, in which the appellee filed objections to the magistrate's decision without filing a transcript of the hearing before the magistrate. As in the instant case, the trial court in *Scarborough* sustained the appellee's objections to magistrate's decision. Without the transcript, however, the appellate court held that the trial court was incapable of conducting an independent review of the magistrate's decision. "In ruling that the magistrate's findings and decision were against the [manifest] weight of the evidence, the trial court weighed the credibility of evidence and testimony which it was never provided." Id. at *3. Thus, the appellate court held that the trial court abused its discretion by sustaining appellee's objections based upon the weight of the evidence without conducting an independent review. Id.

{¶ 17} In the case at bar, State Farm did not file a transcript of the trial before the magistrate. Without first demonstrating that the transcript was unavailable pursuant to Civ.R. 53(D)(3)(b)(iii), State Farm submitted the affidavit of one of its employees in lieu of the transcript of the hearing before the magistrate. State Farm's affidavit presented only that evidence on which it relied at the hearing, but the rule requires that "the affidavit describe[ ] all the relevant evidence presented at the hearing and not just the evidence that the party feels is significant." *Galewood v. Terry Lumber Supply Co.* (Mar. 6, 2002), Summit App. No. 20770, 2002 WL 347378. Ostensibly relying on the self-serving materials provided by State Farm that were attached to the affidavit, the trial court sustained State Farm's objections to the magistrate's decision. In its decision, the magistrate specifically held that "no credible evidence [was] presented by Mr. Baran to establish the value of the motor vehicle." While the magistrate's decision was rather brief, it sufficiently stated the reasons for its decision. State Farm, however, provided no transcript from which the trial court could overrule the magistrate's decision. In sum, the trial court abused its discretion by weighing the credibility of evidence and testimony which it was never provided.

{¶ 18} Fox's sole assignment of error is sustained.

### III

{¶ 19} Fox's sole assignment of error having been sustained, the judgment of the trial court is reversed, and the court is ordered to proceed with Civ.R. 53(D)(4)(b).

Judgment reversed
and cause remanded.

BROGAN and FAIN, JJ., concur.