[Cite as *Pallone v. Pallone*, 2016-Ohio-7066.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Denise Pallone, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-779 |
| v. | : | (C.P.C. No. 05DR-3266) |
| Roman Pallone, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

———————

## D E C I S I O N

### Rendered on September 29, 2016

———————

**On brief:** *Mark K. Sabath*, for appellee. **Argued:** *Mark K. Sabath*.

**On brief:** *Roman Pallone*, pro se. **Argued:** *Roman Pallone*.

———————

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

DORRIAN, P.J.

{¶ 1} Defendant-appellant, Roman Pallone, appeals the July 17, 2015 decision and entry of the Franklin County Court of Common Pleas, Division of Domestic Relations. For the following reasons, we reverse.

## I. Facts and Procedural History

{¶ 2} Appellant and plaintiff-appellee, Denise Pallone, were married on June 7, 1997 and had three children born during their marriage. On January 27, 2006, the parties filed an agreed judgment entry decree of divorce and an agreed shared parenting decree. On March 21, 2013, appellee filed a motion for termination or modification of the parties' agreed shared parenting plan. On the same day, appellee filed a motion for

contempt of court, alleging that appellant had failed to abide by the terms of the parties' January 27, 2006 agreed entries.

{¶ 3}   On May 16, 2013, appellant filed a motion to dismiss appellee's motion for contempt.  On May 24, 2013, appellant filed a motion to dismiss appellee's motion for termination or modification of the agreed shared parenting plan.  On October 21, 2013, appellant filed a motion for contempt, alleging that appellee had failed to comply with the January 27, 2006 agreed entries.

{¶ 4}   On February 13, 2014, appellant filed a motion to attribute affirmative responses.  On April 22, 2014, appellant filed a motion to compel discovery, a motion to interview the children of the marriage, and a motion to appoint an attorney advocate for the children.  On April 23, 2014, appellant filed an amended motion for contempt.

{¶ 5}   The trial court's magistrate held hearings on the matter over more than 10 days in April, May, and June 2014.  On February 6, 2015, the magistrate filed a decision, which the trial court adopted on the same day.  On April 1, 2015, appellant filed 35 objections to the magistrate's decision.  On the same day, appellant filed a motion for transcript at public expense, asserting he was unable to afford the cost of the transcript of the proceedings.  On April 2, 2015, the trial court filed a judgment entry denying appellant's April 1, 2015 motion for a transcript at public expense.  On April 9, 2015, appellant filed a motion for alternatives to transcript.  On April 10, 2015, appellee filed a memorandum contra appellant's objections.  Also on April 10, 2015, the trial court filed appellant's affidavit of indigency which was signed by appellant on April 1, 2015.

{¶ 6}   On May 1, 2015, the trial court filed a judgment entry denying appellant's April 9, 2015 motion for alternatives to transcript.  On May 13, 2015, the trial court filed an entry granting appellant's request for an extension of time to file a transcript and/or alternatives.  On June 2, 2015, appellant filed a motion for reconsideration of the trial court's May 1, 2015 decision.  On June 10, 2015, appellee filed a motion to enforce jail sentence, asserting that appellant has failed to purge the findings of contempt entered in the magistrate's February 6, 2015 decision.

{¶ 7}   On June 11, 2015, appellant filed a motion for an extension of time to supplement his objections to the magistrate's decision.  On July 1, 2015, the trial court granted appellant's June 11, 2015 motion.  On the same date, the trial court filed a

judgment entry denying appellant's June 2, 2015 motion for reconsideration. On July 13, 2015, appellant filed a supplement to his objections to the magistrate's decision. On July 17, 2015, the trial court filed a decision and entry denying appellant's objections to the magistrate's decision for failure to file a complete transcript.

## II. Assignments of Error

{¶ 8} Appellant appeals and assigns the following nineteen assignments of error for our review:

> [I.] The trial court erred in denying Appellant's request for alternatives to a transcript.
>
> [II.] The trial court erred in refusing to consider all of Appellant's objections to the magistrate's decision on the basis that a full transcript was not filed with the court.
>
> [III.] The trial court erred in not enforcing the mediation requirement as laid out on page 5 of the parties' January 27, 2006 Agreed Shared Parenting Plan.
>
> [IV.] The trial court erred in its decision to appoint a new Guardian ad Litem, Vicki Johnston, against Appellant's wishes, when GAL Lora Clearly was and remains assigned to the case.
>
> [V.] The trial court erred in denying Appellant's Motion to Appoint an Attorney for the children.
>
> [VI.] The trial court erred in finding that GAL Vicki Johnston completed her investigation pursuant to the local rules and rules of superintendence.
>
> [VII.] The trial court erred in relying on GAL Vicki Johnston's opinion as to Gabriella's well-being, which are referenced in the decision.
>
> [VIII.] The trial court erred in its reliance upon GAL Vicki Johnston's recitation of her investigation and interviews, which are referenced in its decision.
>
> [IX.] The trial court erred in denying Appellant's motions dated February 13, 2014 and April 22, 2014 requesting that his Requests for Admissions be deemed admitted by Appellee.

[X.] The trial court erred in excluding Appellant's Admissions #78-1 through 78-24 and #79-1 through 79-53.

[XI.] The trial court erred in not granting Appellant's Motion to Compel Discovery with respect to Interrogatories and many of the Document Requests.

[XII.] The trial court erred in not requiring Appellee to pay the portion of Appellant's costs related to his motion to compel discovery.

[XIII.] The trial court erred in not finding Appellee in contempt of the Agreed Shared Parenting Plan's requirement that she maintain a life insurance policy naming him as primary beneficiary.

[XIV.] The trial court erred in his finding that Appellant is obligated to pay tuition to St. Matthew School.

[XV.] The trial court erred in finding that Denise Pallone did not interfere with the relationship of Roman Pallone and the children.

[XVI.] The trial court erred in not allowing Defendant to play a voicemail from daughter Rebecca and submit it as evidence.

[XVII.] The trial court erred in not allowing defendant to play a voicemail from daughter Gabriella and submit it as evidence.

[XVIII.] The trial court erred in finding that Appellant was delinquent in his child support at the time of the magistrate's decision.

[XIX.] The trial court erred in not properly settling and approving Appellant's 9(C) Statement according to Ohio Appellate Rules.

## III. Discussion

{¶ 9} In his first assignment of error, appellant asserts the trial court erred in denying his motion, pursuant to Civ.R. 53(D)(3)(b)(iii), for alternatives to filing a transcript in support of his objections to the magistrate's decision.

{¶ 10} Civ.R. 53(D)(3)(b)(iii) provides:

> An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶ 11} Loc.R. 9.1 of the Franklin County Court of Common Pleas, Division of Domestic Relations, states: "If a finding of fact or weight of the evidence is part or all of the basis for objection, a transcript of the testimony is necessary to support the objection to the Magistrate's decision and must be filed with the Court."

{¶ 12} We have held that "[a] transcript is not unavailable merely because the original stenographic notes have not been transcribed or because a party elects not to order a transcript of the proceedings. Where a transcript can be produced, the transcript is available and must be provided to the trial court in support of objections to a magistrate's decision." *Gladden v. Grafton Corr. Inst.*, 10th Dist. No. 05AP-567, 2005-Ohio-6476, ¶ 7. However, we have also recognized that a transcript is "not available" for purposes of Civ.R. 53 where a party is indigent and therefore unable to procure a transcript. *JPMorgan Chase Bank, N.A. v. Liggins*, 10th Dist. No. 15AP-242, 2016-Ohio-3528, ¶ 10, citing *Gill v. Grafton Corr. Inst.*, 10th Dist. No. 09AP-1019, 2010-Ohio-2977, ¶ 8-17.

{¶ 13} Here, appellant filed an affidavit of indigency and motion for alternatives to transcript pursuant to Civ.R. 53(D)(3)(b)(iii). In its decision on appellant's motion for alternatives to transcript, the trial court stated:

> [Appellant] cites Civ.R. 53(D)(3)(b)(iii) for the proposition that "with leave of court, alternative technology or manner of reviewing the relevant evidence may be considered."
>
> * * *

> [Appellant] in this case has taken this proposition out of context. The purpose for allowing alternative technology or manner of reviewing the relevant evidence to be considered is so that an objection may be supported by an affidavit of the evidence if a transcript is not available. In this case, a transcript is available. There is no need for [appellant] to file an affidavit of evidence.

(May 1, 2015 Decision and Entry at 2-3.) Thus, because the trial court determined that a transcript was available, it refused to allow appellant to submit alternatives to a transcript.

{¶ 14} We begin by noting that, although the trial court filed appellant's affidavit of indigency, it did not determine whether the affidavit was credible. If the affidavit is credible, then the trial court erred by finding that the transcript was available for purposes of Civ.R. 53(D)(3)(b)(iii). *Liggins* at ¶ 10; *Gill* at ¶ 16; *Wolfe v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-443, 2010-Ohio-6180, ¶ 14. We recognize that Civ.R. 53(D)(3)(b)(iii), by stating that "[w]ith leave of court" alternatives "may be considered," affords the trial court discretion in whether to permit the use of alternative methods. However, Civ.R. 53(D)(3)(b)(iii) does not afford the trial court discretion to determine whether or not an objecting party may file an affidavit of the relevant evidence where a transcript is unavailable. Therefore, we must remand this matter for the trial court to consider whether or not appellant's affidavit of indigency was credible. If the trial court finds the affidavit to be credible, it must determine whether alternative technology or other methods of reviewing the record may be considered and allow appellant to file an affidavit of the relevant evidence.

{¶ 15} "Generally, if only a partial transcript has been submitted, a trial court abuses its discretion by adopting an objected-to factual finding without reviewing the partial transcript." *In re Estate of Kelch*, 2d Dist. No. 24915, 2012-Ohio-5214, ¶ 21, citing *State Farm Mut. Auto. Ins. Co. v. Fox*, 182 Ohio App.3d 17, 2009-Ohio-1965, ¶ 13 (2d Dist.). The record does not reflect that the trial court considered the partial transcripts submitted by appellant. Instead, the trial court overruled appellant's objections to the magistrate's decision "for the failure of [appellant] to file a complete transcript." (July 17, 2015 Decision and Entry.) Therefore, regardless of whether or not the trial court finds appellant to be indigent, the court must review the partial transcripts.

{¶ 16} However, although we find that the trial court must review the partial transcripts, we do not conclude that such transcripts are sufficient to resolve appellant's objections. *In re A.A.C.W.*, 10th Dist. No. 13AP-618, 2014-Ohio-2903, ¶ 29 (remanding for the trial court to determine whether the "partial transcript * * * contained all of the evidence relevant to the disputed findings raised in [the] objections"). *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980) ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."); *Phillips v. Phillips*, 113 Ohio App.3d 868, 870, fn. 1 (11th Dist.1996) (finding that partial transcript submitted with objections and considered by the trial court was sufficient to fully address merits on appeal); *Regula v. Regula*, 5th Dist. No. 97-AP-030018 (Aug. 6, 1997). On remand, if the trial court concludes the partial transcripts are sufficient to address any of the objections, it should address such objections. If the partial transcripts are insufficient, the trial court may take any action it deems proper under the circumstances, including allowing appellant to file other portions of the transcript or overruling objections that are unsupported.

{¶ 17} Accordingly, we remand this matter for the trial court to determine whether appellant's affidavit of indigency is credible. If the court finds the affidavit to be credible, it must determine whether alternative technology or other methods of reviewing the record may be considered. Additionally, if the trial court finds appellant's affidavit to be credible, it must allow appellant to file an affidavit of the relevant evidence. Finally, the trial court must review the partial transcripts submitted by appellant and determine whether the portions of the transcripts, in addition to any other material submitted by appellant, pursuant to Civ.R. 53(D)(3)(b)(iii), are sufficient for the court to resolve appellant's objections. Accordingly, we sustain appellant's first assignment of error.

{¶ 18} In light of our resolution of appellant's first assignment of error, we find appellant's remaining eighteen assignments of error moot.

## IV. Conclusion

{¶ 19} Accordingly, having sustained appellant's first assignment of error and rendered moot appellant's remaining eighteen assignments of error, we reverse the

judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and remand this matter for further proceedings consistent with law and this decision.

*Judgment reversed;*
*cause remanded.*

**BROWN and LUPER SCHUSTER, JJ., concur.**