**[Cite as *Etter v. Etter*, 2024-Ohio-1805.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

CANDACE LYNN ETTER nka TURNER    :
                                 :
     Appellee                    :    C.A. No. 2024-CA-2
                                 :
v.                               :    Trial Court Case No. 21 DR 30
                                 :
MICHAEL LARRY ETTER              :    (Appeal from Common Pleas Court-
                                 :    Domestic Relations)
     Appellant                   :
                                 :

. . . . . . . . . . .

O P I N I O N

Rendered on May 10, 2024

. . . . . . . . . . .

JAY M. LOPEZ & CHARLYNE L. ADAMS, Attorneys for Appellant

ANDREW H. JOHNSTON, Attorney for Appellee

. . . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Michael Larry Etter ("Etter") appeals from the trial court's adoption of the magistrate's decision denying his motion for relief from judgment. For the following reasons, we affirm the judgment of the trial court.

**I.    Factual and Procedural Background**

{¶ 2} On February 4, 2021, Plaintiff-Appellee Candace Lynn Etter nka Turner ("Turner") filed a complaint for divorce against Etter. Service of process was issued to

FedEx for delivery to the parties' shared residence.

{¶ 3} Thereafter, Etter did not answer or otherwise plead in response to the divorce complaint. The magistrate sent a hearing notice for an uncontested divorce to both parties on March 12, 2021, and later set the matter for a video hearing on April 8, 2021. Etter did not participate in the divorce hearing. On April 14, 2021, the magistrate issued a decision, and a final judgment and decree of divorce was entered on May 27, 2021.

{¶ 4} On January 30, 2023, more than 20 months later, Etter filed a motion for relief from judgment.   He claimed that he had not been properly served with service of process and therefore argued improper service and lack of personal jurisdiction. The magistrate set Etter's motion seeking relief from judgment for a hearing, and both parties testified at the hearing.

{¶ 5} According to Turner's hearing testimony, on February 9, 2021, Turner verbally accepted the service of process packet from a FedEx driver at the parties' shared address. However, Turner did not sign for the packet because of the social distancing restrictions in place during the COVID-19 pandemic, and the FedEx driver signed for the packet on the electronic pad instead. The return of service stated that service was "Signed for by A. Etter," and service was deemed completed.

{¶ 6} Turner also testified that, upon her receipt of the service packet, she placed it on the kitchen counter and gave it to Etter later that day, but Etter refused to open it. The next day, Etter opened the packet and reviewed the documents after Turner asked him to discuss the divorce, at which time Etter became very angry. Turner also testified that she and Etter had discussed the divorce hearing and division of property and that

she had suggested that Etter go with her to her attorney's office for additional dialogue, but Etter refused. Turner testified that, after the magistrate issued the decision related to the divorce, she and Etter went over it together and discussed splitting their assets and household items, opening bank accounts, and moving out of the shared residence. After the entry of the final decree, Etter moved out of the marital residence and into an apartment on June 6, 2021. Turner testified that she was unaware until 2023 that Etter was claiming that he had not been properly served.

{¶ 7} Etter testified that he was not at the residence when FedEx delivered the service packet and that, although Turner told him about the packet, he received his first notice of the divorce with the entry of the final decree. Etter also testified that he did not seek relief from judgment until after he had received only a small portion of the pictures and memorabilia that he had requested from Turner and after he learned that Turner was remarrying. Although Etter acknowledged that the parties had discussed divorcing before 2021, Etter stated that he never had received the divorce complaint or the uncontested divorce hearing notice.

{¶ 8} On August 7, 2023, the magistrate overruled Etter's motion for relief from judgment. In overruling Etter's motion, the magistrate noted that the evidence before the court was limited to the testimony of the parties. The magistrate found that Turner's testimony had been clear in establishing that she placed the service packet on the kitchen counter and that Etter opened it the next day. The magistrate also found that Etter had delivered a "somewhat confusing, occasionally incoherent statement about his relationship to the documents" sent by the court and unconvincingly denied knowing

anything about the divorce until after the magistrate's decision had been issued. The magistrate stated that Turner's testimony was more credible than Etter's and, thus, Etter failed to satisfy his burden of proof concerning failure of service.

{¶ 9} On August 14, 2023, Etter filed objections to the magistrate's decision. On December 19, 2023, the trial court overruled Etter's objections.    It stated that Turner had complied with Civ.R. 4.1, which allows for service by commercial carrier like FedEx. The trial court also noted that Turner credibly testified concerning her discussion with Etter regarding their divorce and that Etter opened the service packet and studied its contents the day after it was delivered to the parties' shared residence. Under these circumstances, the trial court found that Turner was entitled to the presumption that service was valid, and, thus, Etter had the burden to rebut the presumption of proper service.

{¶ 10} In finding that Etter had failed to meet his burden, the trial court gave deference to the magistrate's determination that Etter had "delivered a somewhat confusing, occasionally incoherent statement about his relationship to the documents sent by the court and denied knowing anything about the divorce until after the magistrate's [first] decision [rendered on Apr. 14, 2021] or the decree." (Brackets sic.) The trial court found that the magistrate's credibility determination was supported by Etter's incomprehensible response when asked when he became aware of the service packet: "I became aware when it was delivered when it was questioned that a package from the court was delivered to my name." The trial court observed that Etter's own attorney even had to seek clarification as to when Etter first received notice of the divorce

filing, to which Etter disjointedly replied, "What I'm trying to say is that I had information that she had told me about a package - - - I'm trying to remember because I don't have the best memory of when I received this information but what it was - - - I did receive the final divorce decree. It didn't say there were filings of when I'd been served." The trial court further emphasized that Etter had admitted to being told by Turner that she wanted a divorce prior to 2021 and to receiving the final decree in May 2021, yet he did not seek counsel or file for relief from judgment for improper service until January 2023.

{¶ 11} The trial court ultimately determined that Turner's testimony had been more credible than Etter's. The court also concluded that service of process was presumed when the packet was received by any person at Etter's residence, including Turner, and that the recipient was not required to be Etter or an agent of Etter. In so concluding, the trial court found that Etter had failed to rebut the presumption of proper service and, consequently, it overruled Etter's objections and adopted the magistrate's decision.

{¶ 12} Etter appeals.

## II.    Assignments of Error

{¶ 13} Etter asserts the following two assignments of error:

THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT WAS PROPERLY SERVED WITH SUMMONS FOR THE DIVORCE PROCEEDINGS.

THE TRIAL COURT ABUSED ITS DISCRETION BY ISSUING A DECISION THAT WAS INCONSISTENT WITH THE FACTS, TESTIMONY AND EVIDENCE PRESENTED AT THE TRIAL.

{¶ 14} We review a trial court's adoption of a magistrate's decision under an abuse-of-discretion standard. *State Farm Mut. Auto. Ins. Co. v. Fox*, 2d Dist. Montgomery No. 22725, 2009-Ohio-1965, ¶ 11. "Claims of trial court error must be based on the actions taken by the trial court itself, rather than the magistrate's findings or proposed decision." *Id*. "An abuse of discretion is more than an error of law or of judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 15} In his first assignment of error, Etter contends that the trial court erred when it found that Etter was properly served with the divorce summons, and, thus, Etter was not entitled to relief from judgment. Etter asserts that, although Turner accepted service for Etter when he was away from home on February 9, 2021, service was not perfected on Etter regardless of whether Turner informed Etter of the summons or provided the service packet to Etter. We disagree.

{¶ 16} "Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond." *Carter-Jones Lumber Co. v. Meyers*, 2d Dist. Clark No. 2005-CA-97, 2006-Ohio-5380, ¶ 10, citing *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406, 406 N.E.2d 811 (1980), quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). "The plaintiff bears the burden of obtaining proper service on a defendant." *Id.*, citing *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997). When the plaintiff follows the civil rules governing service of process, "courts presume that service is proper unless the defendant rebuts

this presumption with sufficient evidence of non-service." *Id.*

{¶ 17} Civ.R. 4.1 governs methods of service, wherein Civ.R. 4.1(A)(1)(b) provides for service by commercial carrier:

Unless the serving party furnishes written instructions to the clerk that service be made pursuant to Civ.R. 4.1(A)(1)(a), the clerk may make service of any process by a commercial carrier service utilizing any form of delivery requiring a signed receipt. The clerk shall deliver a copy of the process and complaint or other document to be served to a commercial carrier service for delivery at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk, with instructions to the carrier to return a signed receipt showing to whom delivered, date of delivery, and address where delivered.

"Valid service of process is presumed when the envelope is received *by any person at the defendant's residence*; the recipient need not be the defendant or an agent of the defendant." (Emphasis added.) *Burns* at ¶ 14, citing *Castellano v. Kosydar,* 42 Ohio St.2d 107, 110, 326 N.E.2d 686 (1975); *Ohio Civ. Rights Comm. v. First Am. Properties, Inc.,* 113 Ohio App.3d 233, 237, 680 N.E.2d 725 (2d Dist.1996).

{¶ 18} "Where service of process is not properly made pursuant to Civ.R. 4 et seq., the court lacks jurisdiction to consider the complaint and any judgment on that complaint is void ab initio." *Meyers* at ¶ 10, citing *Rite Rug Co., Inc. v. Wilson*, 106 Ohio App.3d 59, 62, 665 N.E.2d 260 (10th Dist.1995). "Because a court has the inherent authority to vacate a void judgment, a party who asserts that the trial court lacks personal jurisdiction

over him due to a faulty service of process does not need to satisfy the requirements of Civ.R. 60(B)" for a motion for relief form judgment. *Id.*, citing *United Home Fed. v. Rhonehouse,* 76 Ohio App.3d 115, 123, 601 N.E.2d 138 (6th Dist. 1991). In other words, a Civ.R. 60(B) motion for relief from judgment "is not necessary when a court renders a judgment without proper service of the summons, because, under those circumstances, the court lacks personal jurisdiction, and its judgment is void." *LVNV Funding, Inc. v. Burns,* 2d Dist. Clark No. 2013-CA-67, 2014-Ohio-732, ¶ 13, citing *State ex rel. Ballard v. O'Donnell,* 50 Ohio St.3d 182, 553 N.E.2d 650 (1990); *Midland Funding L.L.C. v. Dixon,* 2d Dist. Greene No. 2013-CA-27, 2013-Ohio-5052, ¶ 8. Thus, in this case, Etter was only required to establish the fact of non-service to warrant vacating the judgment.

{¶ 19} On appeal, Etter claims that he did not have notice of the divorce action until after the entry of the final decree of divorce. However, it is undisputed that Turner accepted service for Etter at their shared address when he was apparently still at work on February 9, 2021. Turner testified that she placed the service packet on the kitchen counter and that the parties discussed the contents of the packet the next day after Etter opened it, reviewed the documents, and became angry. Etter also admitted that Turner advised him that she wanted a divorce, that they discussed the division of their property, and that he received the final decree in May 2021.

{¶ 20} Under these circumstances, we conclude that the magistrate and trial court reasonably determined that service by commercial carrier to the address that Etter shared with Turner was reasonably calculated to reach Etter, as the parties continued to live together, and that proper service had been perfected at that address when Turner

accepted service for Etter. Valid service of process was presumed when the packet was received by any person at Etter's residence, including Turner, because the recipient was not required to be Etter or an agent of Etter. Moreover, the only evidence that Etter did not receive proper service in February 2021 was his own self-serving testimony. The trial court's evaluation of the lack of credibility in Etter's testimony was further supported by his statement that he chose to challenge service of process 20 months after the decree of divorce was entered, and only then when he learned that Turner was remarrying and did not believe he had received his share of the family photographs and personal property. Thus, because Etter failed to rebut the presumption of proper service, we cannot say that the trial court abused its discretion in adopting the magistrate's decision denying Etter's motion for relief from judgment. Etter's first assignment of error is overruled.

{¶ 21} In his second assignment of error, Etter contends that the trial court abused its discretion when it issued a decision that was inconsistent with the facts, testimony, and evidence presented at the hearing on the motion for relief from judgment. Etter asserts that the magistrate provided little explanation as to why Turner was more credible and then argues that the trial court abused its discretion when it deferred to the magistrate's opinion on credibility.

{¶ 22} A magistrate is "a subordinate officer of the trial court, not an independent officer performing a separate function." *Mandelbaum v. Mandelbaum*, 2d Dist. Montgomery No. 21817, 2007-Ohio-6138, ¶ 102, quoting *Wingard v. Wingard,* 2d Dist. Greene No. 2005-CA-09, 2005-Ohio-7066, ¶ 17. When reviewing a magistrate's decision, the trial court conducts a *de novo* review and "should not adopt the magistrate's factual

findings unless it agrees with them." *Id.*, citing *Crosby v. McWilliams,* 2d Dist. Montgomery No. 19856, 2003-Ohio-6063, ¶ 33-34. Still, "where a magistrate comments on credibility and the trial court does not take additional evidence as is authorized under Civ. R. 53(D)(4)(b), 'the judgment of the magistrate on issues of credibility is, absent other evidence, the last word on the issue for all practical purposes.' " *Mandelbaum* at ¶ 103, quoting *Quick v. Kwiatkowski,* 2d Dist. Montgomery No. 18620, 2001 WL 871406, *4 (Aug. 3, 2001); *see MacConnell v. Nellis,* 2d Dist. Montgomery No. 19924, 2004-Ohio-170, ¶ 16, fn. 1 (indicating that a trial court does not improperly defer to the magistrate where it gives "some deference to the magistrate's credibility determinations" but also independently considers the evidence before it).

{¶ 23} We do not agree that the trial court simply deferred to the magistrate without assessing the testimony and evidence. Indeed, the trial court gave deference to the magistrate's determination that Etter delivered "a somewhat confusing, occasionally incoherent statement about his relationship to the documents sent by the court and denied knowing anything about the divorce until after the magistrate's [first] decision [rendered on Apr. 14, 2021] or the decree." However, while the trial court gave some deference to the magistrate's credibility determinations, the court also independently considered the evidence before it, finding that the magistrate's credibility findings were supported by Etter's incomprehensible response when asked about when he became aware of the packet. The trial court also observed that Etter's own attorney had to seek clarification as to when Etter first received notice of the divorce filing due to Etter's confusing responses. Additionally, as noted in the trial court's judgment, Turner testified

that she had placed the service packet on the kitchen counter and, by the following day, Etter had opened the packet and studied its contents while the parties discussed it. Etter did not seek counsel or relief from judgment until January 2023, approximately 20 months after Etter had moved out of the shared residence and the parties' marital assets had been divided. Further still, Etter admittedly waited and did not seek relief from judgment until after he had received only a small portion of the pictures and memorabilia that he requested from Turner and after he learned that Turner was remarrying.

{¶ 24} Despite Etter's argument that the trial court simply gave deference to the magistrate's credibility findings, the trial court made its own determination that his version of events was not credible. Upon our review of the record, it is evident that the trial court considered the evidence before it, and thus we cannot say that the trial court abused its discretion when it adopted the magistrate's decision denying Etter's motion for relief from judgment based on the facts, testimony, and evidence at the hearing. Etter's second assignment of error is overruled.

### III.    Conclusion

{¶ 25} Having overruled Etter's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


WELBAUM, J. and TUCKER, J., concur.