## SAMSEY v. KAUFMAN.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8750. Decided Mar. 12, 1928.

Middleton, PJ., and Mauck, J., of the 4th Dist., and Cushing, J., of the 1st Dist., sitting.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**797. MUNICIPAL CORPORATIONS — 874. Ordinances—1023. Repeal.**
Council has power to repeal any ordinance passed by it unless inhibited by some statute of charter provision.

Error to Common Pleas.

Petition Dismissed.

G. O. Farquharson, Cleveland, for Samsey.
Wm. L. David, Cleveland, for Kaufman.

### FULL TEXT.

MAUCK, J.

The plaintiff brought her action to enjoin the defendant as Director of Finance and Clerk of Council of the City of Lakewood from certifying to the Council a certain petition filed with the Clerk to secure a referendum on an ordinance theretofore passed by the Village. A hearing was had and the petition dismissed by the trial court. To that judgment error is prosecuted in this Court. It is here indisputably shown that the ordinance against which the referendum was filed has been repealed since the bringing of this action. There can consequently be no referendum thereon, and none of course is any longer proposed or threatened. The question before us is a moot one.

It is argued by the plaintiff in error, however, that the City Council had no power to repeal the ordinance except such power as was conferred upon it by the referendum petition which it is the purpose of this proceeding to challenge. This is unsound. The Council has power to repeal any ordinance passed by it unless inhibited by some Statute or by some Charter provision. No such inhibition appears in the Charter nor has any been pointed out in the Statute. If there were such a provision, however, it could not avail the plaintiff in error here. She does not plead any property right under the ordinance in question. She does not sue as a property owner. She sues as a taxpayer only. Her whole claim for relief is predicated on the charge that an unlawful expenditure of municipal funds is about to be made on an unauthorized election. It being admitted that no such election will be had or can be had, the plaintiff as a taxpayer has no further rights in the premises. If the repeal of the ordinance were conceivably irregular or unauthorized the plaintiff's property rights under such ordinance could be asserted in another action. This case died with the referendum.

Motion to dismiss the petition in error is sustained.

Middleton, PJ., and Cushing, J., concur.