OPINION
{¶ 1} Plaintiff-appellant, Jeffrey L. Bond, appeals from: (1) a judgment of the Franklin County Court of Common Pleas dismissing his action against defendant-appellee, the Village of Canal Winchester ("Village"), and (2) a judgment awarding the Village attorney fees. For the following reasons, we affirm the judgment dismissing Bond's action, but reverse the judgment awarding attorney fees.
 {¶ 2} The instant action revolves around Bond's assertion that the Village illegally prevented a referendum on Village Ordinance No. 91-05, which rezoned 7.5 acres *Page 2 
located within the Village from "Low Density Residential" to "Planned Residential District." Bond circulated a referendum petition challenging Ordinance No. 91-05 and filed the signed petition with the Village. Pursuant to R.C. 731.29, the Village transmitted the petition to the Franklin County Board of Elections ("Board"). The Board certified the petition and placed the issue on the ballot for the November 7, 2006 election.
 {¶ 3} In February 2006, Lyle and Judy Fox, the owners of the rezoned 7.5 acres, requested that the Village Council repeal Ordinance No. 91-05. The Village Council complied with this request by passing Ordinance No. 17-06.
 {¶ 4} On May 31, 2006, a notice appeared in the local newspaper informing Village residents that the Village Planning and Zoning Commission would hold a public hearing regarding a new rezoning application filed by the Foxes. This new application requested that the Village again rezone the Foxes' 7.5 acres from "Low Density Residential" to "Planned Residential District."
 {¶ 5} In his June 14, 2006 complaint, Bond asserted that the repeal of Ordinance No. 91-05 wrongfully nullified the referendum. Bond sought a temporary restraining order and preliminary and permanent injunctions to prevent the Village from advancing the Foxes' new rezoning application.
 {¶ 6} At a June 15, 2006 hearing, the trial court denied Bond a temporary restraining order. On June 26, 2006, the Village filed a Civ.R. 12(B)(6) motion to dismiss. The trial court granted the motion, reasoning that Bond did not state a claim because he could not identify any law that prevented the Village Council from repealing Ordinance No. 91-05. On September 11, 2006, the trial court reduced its decision to judgment ("dismissal judgment"). *Page 3 
 {¶ 7} Thirty days after judgment, the Village filed a motion for sanctions pursuant to R.C. 2323.51 and Civ.R. 11. Without holding a hearing, the trial court granted the Village's motion and ordered Bond to pay the Village's reasonable attorney fees. The trial court then referred the matter to a magistrate.
 {¶ 8} After an evidentiary hearing, the magistrate issued a report in which he found that the Village expended $12,047.50 in reasonable attorney fees. The trial court modified the magistrate's report, granting the Village only $3,270 in reasonable attorney fees. On June 15, 2007, the trial court issued a judgment of sanctions against Bond in the amount of $3,270 plus interest ("sanctions judgment").
 {¶ 9} Bond now appeals and assigns the following errors:
 1. The lower court failed to follow its own standards and rules by not serving documents, rulings and notice of appeals to all parties. Error was reflected as several mail returns of service appear on the record.
 2. Appellant's rights were violated as the lower court refused to accept the Ohio Constitution and remedies and jurisdiction under Ohio law and instead substituted and adjudicated the case with potential unconstitutional articles of appellees' village charter.
 3. The lower court abused its discretion by errors and omissions of consideration of the case as direct case citings were not made and then submitted with unrelated cases and rules of practice.
 4. Appellant's rights were violated when the appellees were purely motivated by political issues and not on legal facts of law, prematurely creating distraction by uninvolved monetary issues of other parties being harmed and then presented it as part of appellant's sanction action as not any evidence was presented to these facts.
 5. The lower court erred when it failed to uphold the stay action of appellant on June 15, 2006 as Ohio law clearly shows his jurisdiction and process of referendum preclude *Page 4 
any further action on Ordinance No. 91-05 until the November 7, 2006 general election ballot.
 6. The sanctions action against appellant per the Judgment Entry dated July 13, 2007 cannot stand because testimony and evidence of just cause were not submitted as required by the lower court. Unfortunately, the lower court cannot change the fact of appellant's severe impairment at the time of the proceedings, that being Alzheimer's Disease, of which he later discovered and corrected.
 7. The lower court abused its discretion by ruling a dollar amount of any cost not related to additional costs by appellees for egregious actions over and above normal and customary expenses of defending a case by appellees' legal council [sic] of which was stipulated to by both parties.
 8. The lower court failed to provide sanction standards of law by not including in weight sufficiency of evidence. Error was reflected in the magistrate's ruling and the lower court's final judgment dated July 13, 2007 when found that no egregious actions by appellant were met and judgment awarded anyway.
 {¶ 10} As an initial matter, we must address the Village's challenge to our jurisdiction over Bond's appeal of the dismissal judgment. The Village argues that we cannot rule upon any assignment of error related to the dismissal judgment because: (1) Bond did not timely appeal from that judgment, and (2) Bond did not indicate in the notice of appeal that he was appealing from that judgment. We disagree with both arguments.
 {¶ 11} App.R. 4(A) specifies when an appealing party must file its notice of appeal. This timing requirement is mandatory and jurisdictional, so failure to comply is fatal to any appeal. Marcum v.Colonial Ins. Co., Franklin App. No. 02AP-917, 2003-Ohio-4369, at ¶ 19.
 {¶ 12} According to App.R. 4(A):
 A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order *Page 5 
appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.
Of particular importance in this case, App.R. 4(A) "contains a tolling provision that applies in civil matters when a judgment has not been properly served on a party according to Civ.R. 58(B)." In reAnderson, 92 Ohio St.3d 63, 67, 2001-Ohio-131. Civ.R. 58(B) provides that:
 When a court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket.
Thus, proper service under Civ.R. 58(B) requires compliance with Civ.R. 5(B). State ex rel. Hughes v. Celeste (1993), 67 Ohio St.3d 429, 431;Coles v. Lawyers Title Ins. Corp., 163 Ohio App.3d 659, 2005-Ohio-5360, at ¶ 16. Civ.R. 5(B) allows the clerk to accomplish service upon a party in multiple ways, including by "mailing it to the last known address of the person to be served."
 {¶ 13} In the case at bar, the Franklin County Clerk of Courts ("Clerk") mailed notice of the dismissal judgment two days after the entry of that judgment on the journal. However, the Clerk mailed the notice to:
 Jeffrey L. Bond
 Petitioners Committee
 Member
 Canal Winchester OH 43110-0000
 Columbus OH 43215-1173
Not only was this address insufficient for delivery, it was also not Bond's last known address. Bond's complaint and all of his subsequent filings listed his address as: *Page 6 
 36 Washington Street
 Canal Winchester OH 43110
Because the Clerk failed to serve Bond at that address, it never accomplished service. This lack of service tolled the time for filing the notice of appeal indefinitely, and consequently, Bond timely appealed the dismissal judgment.
 {¶ 14} The Village next argues that this court cannot consider Bond's appeal of the dismissal judgment because Bond failed to comply with App.R. 3(D), which requires a "notice of appeal * * * [to] designate the judgment, order or part thereof appealed from * * *." Although this requirement is mandatory, noncompliance does not divest a court of appeals of jurisdiction. Transamerica Ins. Co. v. Nolan (1995),72 Ohio St.3d 320, 322. According to App.R. 3(A), "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal." Therefore, when presented with a defect other than untimeliness, a court of appeals must determine whether sanctions, including dismissal, are appropriate. Id.; Transamerica, at 322. In exercising its discretion to impose sanctions, a court of appeals should consider whether any prejudice accrued to the appellee as a result of the appellant's failure to follow App.R. 3(A). Id., at 322-323;Interstate Gas Supply, Inc. v. Calex Corp., Franklin App. No. 04AP-980,2006-Ohio-638, at ¶ 19.
 {¶ 15} Here, the Village suffered no prejudice from the omission of the dismissal judgment from Bond's notice of appeal. The Village had the opportunity to respond to those assignments of error arising from the dismissal judgment in its brief. Therefore, we decline to impose any sanction upon Bond for his failure to follow App.R. 3(D). *Page 7 
 {¶ 16} Although we excuse Bond's violation of App.R. 3(D), we do not excuse him from compliance with App.R. 16(A). Pursuant to App.R. 16(A)(7), an appellant's brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment oferror presented for review and reasons in support of the contentions * * *." (Emphasis added.) A court of appeals "may disregard an assignment of error presented for review if the party raising it * * * fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2). It is the duty of the appellant, not the appellate court, to construct the legal arguments necessary to support the appellant's assignments of error. Whitehall v. Ruckman, Franklin App. No. 07AP-445, 2007-Ohio-6780, at ¶ 20.
 {¶ 17} In the case at bar, Bond assigns eight errors but only separately argues three of them. Accordingly, we will address only Bond's first, second, and sixth assignments of error as his brief includes arguments supporting those assignments. Pursuant to App.R. 12(A)(2), we disregard the remainder of Bond's assignments of error because he does not separately argue them. Finally, while Bond's brief contains a fourth "argument," we cannot correlate that argument with any assignment of error, so we disregard it as well.
 {¶ 18} By Bond's first assignment of error, he argues that the trial court erred in failing to serve him with its rulings. As we acknowledged above, the trial court's records contained an erroneous address for Bond. Consequently, the trial court did not properly serve Bond with either the dismissal judgment or the sanctions judgment. This error, however, is insufficient to warrant judicial relief because it is harmless error. *Page 8 
 {¶ 19} A trial court's error only provides a basis for reversal if that error prevents substantial justice. Civ.R. 61; R.C. 2309.59. In the case at bar, Bond claims that not receiving proper service of the judgments probably made him appear inept. Even if a poor perception of Bond's legal skills resulted from the trial court's error, this "prejudice" did not amount to a denial of substantial justice. Accordingly, because the trial court's error was harmless, we overrule Bond's first assignment of error.
 {¶ 20} By Bond's second assignment of error, he argues that the trial court erred in dismissing his action. We disagree.
 {¶ 21} Appellate review of a judgment granting a Civ.R. 12(B)(6) motion to dismiss is de novo. Perrysburg Twp. v. Rossford,103 Ohio St.3d 79, 2004-Ohio-4362, at ¶ 5. When reviewing such a judgment, an appellate court must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff.Maitland v. Ford Motor Co., 103 Ohio St.3d 463, 2004-Ohio-5717, at ¶ 11. For a defendant to prevail on a Civ.R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief. Cincinnati v. Beretta U.S.A.Corp., 95 Ohio St.3d 416, 2002-Ohio-2480, at ¶ 5; Desenco, Inc. v.Akron (1999), 84 Ohio St.3d 535, 538, quoting Vail v. Plain DealerPublishing Co. (1995), 72 Ohio St.3d 279, 280.
 {¶ 22} In the case at bar, Bond asserted a claim for "wrongful nullification," but no such claim exists. Moreover, based upon the allegations in the complaint, Bond had no basis on which to seek legal redress against the Village.
 {¶ 23} Bond correctly asserts that he has a right to referendum. Section 1f, Article II, Ohio Constitution ("The initiative and referendum powers are hereby reserved to the *Page 9 
people of each municipality on all questions which such municipalities may now or hereafter be authorized by law to control by legislative action * * *."); R.C. 731.29 ("Any ordinance or other measure passed by the legislative authority of a municipal corporation shall be subject to the referendum * * *."); Section 1, Article X, Charter of the Municipality of Canal Winchester, Ohio ("[Ordinances and resolutions adopted by the Council shall be subject to referendum, as provided by the Constitution and laws of Ohio * * *."). Through a referendum, the people of a municipality can submit an ordinance adopted by the legislative authority of the municipality to the electors for their approval or rejection. R.C. 731.29.
 {¶ 24} However, Bond ignores the power of the Village Council to repeal previously adopted ordinances. Section 3, Article XVIII, Ohio Constitution ("Municipalities shall have authority to exercise all powers of local self-government * * *."); Section 7, Article XVIII, Ohio Constitution ("Any municipality may frame and adopt or amend a charter for its government and may, subject to the provisions of section 3 of this article, exercise thereunder all powers of local self-government."); Section 10(B), Article VI, Charter of the Municipality of Canal Winchester, Ohio ("Any ordinance or resolution * * * may be amended by the passage of subsequent ordinances or resolutions that: * * * repeal existing sections or parts thereof."). Once a legislative authority of a municipality rejects an ordinance through repeal, there is no need for the municipality's electors to reject it through referendum. Thus, the repeal of an ordinance makes a referendum against that ordinance moot. Samsey v. Kaufman (1928), 6 Ohio Law Abs. 437. Accordingly, "[i]f, after a referendum petition has been filed against any ordinance or measure, the legislative authority of the municipal corporation repeals such ordinance or *Page 10 
measure * * * the board of elections shall not submit such ordinance or measure to a vote of the electors." R.C. 731.34.
 {¶ 25} In sum, Bond's right to a referendum against Ordinance 91-05 depends upon the continued existence of that ordinance. The Village Council repealed Ordinance 91-05. Without an ordinance to submit to the electors for approval or rejection, Bond does not have a right to referendum. Consequently, the Village could not "wrongfully nullify" his right to referendum.
 {¶ 26} This conclusion is not altered by Justice Lundberg Stratton's dissent in Taylor v. London, 88 Ohio St.3d 137, 2000-Ohio-278. There, Justice Lundberg Stratton reasoned that a municipality cannot circumvent the right to referendum by repealing annexation legislation and then passing identical emergency legislation that is exempt from referendum. Id. at 145. Here, however, the complaint contains no allegations regarding emergency legislation. Although the complaint alleges facts from which we can infer that the Foxes are seeking an ordinance identical to Ordinance 91-05, it does not allege that such an ordinance exists, much less that the identical ordinance is an emergency ordinance. Justice Lundberg Stratton's dissent, therefore, provides no support for Bond's assertions that the Village has legally wronged him.
 {¶ 27} As the complaint contains no allegations supporting a legal claim, we conclude that the trial court properly dismissed Bond's complaint for failure to state a claim. Accordingly, we overrule Bond's second assignment of error.
 {¶ 28} By Bond's sixth assignment of error, he argues that the trial court erred in failing to hold a hearing to determine whether the Village was entitled to attorney fees under R.C. 2323.51 or Civ.R. 11. We agree. *Page 11 
 {¶ 29} According to R.C. 2323.51(B)(1), a court may award attorney fees to any party to a civil action who is adversely affected by frivolous conduct. Before awarding attorney fees, a trial court must:
 (a) Set a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section, to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;
 (b) Give notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party who allegedly was adversely affected by frivolous conduct;
 (c) Conduct the hearing described in division (B)(2)(a) of this section in accordance with this division, [and] allow the parties and counsel of record involved to present any relevant evidence at the hearing * * *
R.C. 2323.51(B)(2)(a) through (c). Providing a hearing solely for the purpose of determining the amount of attorney fees to be awarded does not satisfy the R.C. 2323.51(B)(2) requirements. Sprangler v.Redick (1991), 74 Ohio App.3d 798, 808.
 {¶ 30} A court may also award attorney fees if a party willfully contravenes the purposes behind Civ.R. 11. That rule requires attorneys or pro se parties to sign all pleadings, motions, or other documents to certify that, "the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." Thus, Civ.R. 11 authorizes a trial court to award attorney fees if a pro se party willfully signs a document which the party knows is not supported by good ground. Donaldson v. Todd, Franklin App. No. 07AP-328, 2007-Ohio-6504, at ¶ 8. *Page 12 
 {¶ 31} In most instances, a trial court should hold a hearing before determining that a willful violation of Civ.R. 11 occurred. Jackson v.Bellomy, Franklin App. No. 01AP-1397, 2002-Ohio-6495, at ¶ 74; Kemp,Schaeffer and Rowe Co., LPA v. Frecker (1990), 70 Ohio App.3d 493,497-498; McCutcheon v. Brooks (1988), 37 Ohio App.3d 110, 112. The purpose of the hearing is to provide the party with an opportunity to establish his or her good-faith basis for filing the document at issue.Jackson, at ¶ 74.
 {¶ 32} In the case at bar, the trial court granted the Village's motion for sanctions pursuant to R.C. 2323.51 and Civ.R. 11 without first holding a hearing on the matter. This was error. We conclude that the trial court should have set a hearing to give the parties the chance to submit legal argument and evidentiary materials regarding whether Bond's conduct was frivolous and/or a willful violation of Civ.R. 11. Providing a hearing solely to determine the amount of attorney fees to award to the Village was insufficient. Accordingly, we sustain Bond's sixth assignment of error.
 {¶ 33} For the foregoing reasons, we sustain Bond's sixth assignment of error, but we overrule the remainder of Bond's assignments of error. We affirm the September 11, 2006 dismissal judgment, but we reverse the June 15, 2007 sanctions judgment. Finally, we remand this case to the Franklin County Court of Common Pleas for further proceedings in accordance with law and this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
TYACK and BRYANT, JJ., concur.
BRYANT, J., retired, of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1