[Cite as *James v. My Cute Car, L.L.C.*, 2017-Ohio-1291.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| William James, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 16AP-603 |
| v. | : | (M.C. No. 2015CVF-7888) |
| My Cute Car, LLC, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on April 6, 2017

**On brief:** *William James*, pro se. **Argued:** *William James.*

**On brief:** *Michael P. Onore*, for appellee. **Argued:** *Michael P. Onore.*

APPEAL from the Franklin County Municipal Court

DORRIAN, J.

{¶ 1} Plaintiff-appellant, William James, appeals the August 17, 2016 judgment of the Franklin County Municipal Court overruling appellant's objections to the magistrate's June 30, 2016 decision and granting judgment in favor of defendant-appellee, My Cute Car, LLC. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On March 10, 2015, appellant filed a complaint alleging appellee committed unfair or deceptive consumer sales practices as provided in R.C. 1345.02[1] arising out of appellee's sale of a vehicle to appellant. On May 7, 2015, appellee filed its answer.

{¶ 3} On July 31, 2015, appellant filed a motion to admit documents into evidence. On August 10, 2015, appellant filed a motion for summary judgment. On

---

[1] Although not relevant to the instant appeal, we note R.C. 1345.02 was amended effective April 6, 2017. 2015 Am.Sub.S.B. No. 227.

August 26, 2015, appellee filed a memorandum contra appellant's motion for summary judgment. On September 2, 2015, appellant filed a reply to appellee's memorandum contra. On September 11, 2015, the trial court denied in part appellant's motion to admit documents into evidence and denied appellant's motion for summary judgment.

{¶ 4} On December 7, 2015, appellant filed a second motion for summary judgment. On December 11, 2015, appellee filed a motion to dismiss appellant's complaint pursuant to Civ.R. 12(B)(6). On December 15, 2015, appellee filed a memorandum in opposition to appellant's second motion for summary judgment. On December 18, 2015, appellant filed a memorandum in opposition to appellee's motion to dismiss.

{¶ 5} On January 25, 2016, appellant filed a motion for leave to amend the complaint. On February 5, 2016, appellee filed a memorandum in opposition to appellant's motion for leave to amend the complaint. On February 12, 2016, the trial court filed a decision and entry that denied appellant's second motion for summary judgment, appellee's motion to dismiss, and appellant's motion for leave to amend the complaint.

{¶ 6} On March 3, 2016, the trial court referred the matter to a magistrate, pursuant to Civ.R. 53, to conduct a trial. On June 30, 2016, the magistrate filed a decision recommending judgment in favor of appellee. Specifically, the magistrate found that appellant failed to establish that appellee committed an unfair or deceptive act. Additionally, the magistrate found that appellant failed to introduce evidence of any damages claimed.

{¶ 7} On July 11, 2016, appellant filed objections to the magistrate's decision. On July 21, 2016, appellee filed a reply to appellant's objections. On August 17, 2016, the trial court filed a judgment entry overruling appellant's objections, adopting the findings of the magistrate, and entering judgment in favor of appellee.

## II. Assignments of Error

{¶ 8} Appellant appeals and assigns the following five assignments of error for our review:

> [I.] The trial court erred when it when it [sic] based its decision on facts not in evidence.

[II.] The trial court erred in favor of the defendant when it allowed the defendant to skip the filing of a pre-trial statement to go [sic] without penalties.

[III.] The trial court erred when it denied the plaintiff's one and only motion to amend the complaint to include violations of [R.C.] 4549.45 without explanation.

[IV.] The trial court erred when it concluded that the Certified Business Records sent to the court from Craigslist were not credible as evidence.

[V.] The trial court erred when it refused to recognize defendant's violations of Ohio CSPA ([R.C.] 1345.02) and other obvious violations of Ohio law ([R.C.] 4549.45) as unfair business practices.

For ease of discussion, we address appellant's assignments of error out of order.

## III.  Discussion

### A.  Third Assignment of Error

{¶ 9}  In his third assignment of error, appellant asserts the trial court erred by denying his motion to amend the complaint "without explanation."  (Appellant's Brief at 2.)  We begin by noting that appellant fails to provide separate arguments in his appellate brief in support of this assignment of error.  Instead, appellant's brief contains a single section entitled "arguments" without differentiating between individual assignments of error.

{¶ 10}  "The burden of affirmatively demonstrating error on appeal rests with the party asserting error."  *Lundeen v. State Med. Bd. of Ohio*, 10th Dist. No. 12AP-629, 2013-Ohio-112, ¶ 16, citing *State ex rel. Petro v. Gold*, 166 Ohio App.3d 371, 2006-Ohio-943, ¶ 51 (10th Dist.), citing App.R. 9 and 16(A)(7).  Pursuant to App.R. 12(A)(2), an appellate court may " 'disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).' "  *Morgan v. Ohio State Univ. College of Dentistry*, 10th Dist. No. 13AP-287, 2014-Ohio-1846, ¶ 64, quoting *Lundeen* at ¶ 16.  " 'It is the duty of the appellant, not the appellate court, to construct the legal arguments necessary to support the appellant's assignments of error.' "  *Cook v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-852, 2015-Ohio-4966,

¶ 40, quoting *Bond v. Canal Winchester*, 10th Dist. No. 07AP-556, 2008-Ohio-945, ¶ 16. *See also Young v. Locke*, 10th Dist. No. 13AP-608, 2014-Ohio-2500, ¶ 16 ("App.R. 16(A)(7) requires that an appellate brief contain an argument in support of each assignment of error presented for review with citations to the authorities, statutes, and parts of the record on which appellant relies."). "It is not the duty of this court to search the record for evidence to support an appellant's argument as to alleged error." *Petro* at ¶ 94.

{¶ 11} Here, insofar as we are able to discern which of appellant's assignments of error are supported by arguments with citations to pertinent authorities and parts of the record, we shall, in the interest of justice and judicial economy, address such assignments of error. However, with regard to his third assignment of error, appellant's brief does not contain any arguments with citations to the authorities, statutes, or relevant portions of the record. Therefore, pursuant to App.R. 12(A)(2), we disregard appellant's third assignment of error. *See Cook* at ¶ 40; *Bond* at ¶ 16-17. Accordingly, we overrule appellant's third assignment of error.[2]

## B. First, Fourth, and Fifth Assignments of Error

{¶ 12} As previously noted, appellant, in his appellate brief, failed to provide separate arguments in support of each of his assignments of error. We address appellant's first, fourth, and fifth assignments of error together as appellant essentially challenges the trial court's ultimate conclusion that he failed to prove his claim by a preponderance of the evidence.

---

[2] Although we decline to address the merits of assignment of error three, we note that contrary to appellant's assertion, the trial court provided an explanation for its denial of appellant's motion for leave to amend his complaint:

> In this case, the Court finds that allowing [appellant] to amend his complaint, at this stage in the proceedings, would cause undue delay and prejudice to [appellee]. If the Court were to allow [appellant] to amend his complaint, a continuance of the trial scheduled for March 3, 2016, would likely be necessary to allow [appellee] to file an answer and any pretrial motions. Further, * * * the motion to amend in this case was filed after [appellant's] motion for summary judgment was denied and nearly ten months after [appellant] filed his complaint; the parties have already engaged in discovery; and the trial date was just over a month away when the motion was filed. For these reasons, [appellant's] motion for leave to amend his complaint is denied.

(Feb. 12, 2016 Decision and Entry at 3.)

{¶ 13} In ruling on objections to a magistrate's decision, the trial court must undertake an independent review of the matters objected to in order "to ascertain [whether] the magistrate has properly determined the factual issues and appropriately applied the law."  Civ.R. 53(D)(4)(d).  Thus, in accordance with Civ.R. 53, a trial court reviews a magistrate's decision de novo.  *Barksdale v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-297, 2017-Ohio-395, ¶ 11, citing *Mayle v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-541, 2010-Ohio-2774, ¶ 15, citing *State Farm Mut. Auto. Ins. Co. v. Fox*, 182 Ohio App.3d 17, 2009-Ohio-1965, ¶ 10 (2d Dist.).

{¶ 14} Civ.R. 53(D)(3)(b)(i) provides that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)."  If a party objects to a factual finding, whether or not it is specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), the objection "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available.  With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered."  Civ.R. 53(D)(3)(b)(iii).  "[A]lternative technology in the form of the recording satisfies the transcript requirement set forth in Civ.R. 53(D)."  *Marok v. Ohio State Univ.*, 10th Dist. No. 11AP-744, 2012-Ohio-2593, ¶ 11.  The trial court possesses discretion in whether to permit the use of alternative methods of reviewing the relevant evidence.  *Pallone v. Pallone*, 10th Dist. No. 15AP-779, 2016-Ohio-7066, ¶ 14 ("Civ.R. 53(D)(3)(b)(iii), by stating that '[w]ith leave of court' alternatives 'may be considered,' affords the trial court discretion in whether to permit the use of alternative methods.").

{¶ 15} "The absence of a transcript or affidavit of evidence restricts the scope of review at both the trial court and appellate levels." *Cargile v. Ohio Dept. of Admin. Servs.*, 10th Dist. No. 11AP-743, 2012-Ohio-2470, ¶ 10.  "In the absence of both a transcript and an affidavit, the trial court must accept the magistrate's findings of fact and may only examine the legal conclusions drawn from those facts."  *Ramsey v. Ramsey*, 10th Dist. No. 13AP-840, 2014-Ohio-1921, ¶ 16-18, citing *Ross v. Cockburn*, 10th Dist. No. 07AP-967, 2008-Ohio-3522, ¶ 5.  "[W]here there is no transcript submitted on appeal, '[t]here is a presumption that the trial court proceedings were validly conducted.  Absent a complete

transcript or an acceptable alternative (such as is described in App.R. 9(C)), we must presume that the trial court's decision is correct.' " *Barksdale* at ¶ 17, quoting *Jenkins v. State Farm Mut. Auto. Ins. Co.*, 10th Dist. No. 11AP-1074, 2013-Ohio-1142, ¶ 30. "Furthermore, where an appellant fails to provide the court with a transcript of the trial court proceedings, despite the fact that he contends that certain of the trial court's finding of fact were improper, a court has nothing to review without a transcript and must presume that the findings of fact are correct and supported by the evidence." *Id.* at ¶ 17, citing *Am. Fam. Ins. Co. v. Hoop*, 4th Dist. No. 13CA983, 2014-Ohio-3773, ¶ 36-37.

{¶ 16} Before considering the merits of appellant's assignments of error, we must address appellant's failure to file a transcript on appeal. Pursuant to Civ.R. 53, this matter was referred to a magistrate, who conducted a trial on March 3, 2016. Appellant then filed objections to the magistrate's decision, but failed to support his objections with a transcript of the proceedings before the magistrate. On review of appellant's objections, the trial court considered alternative technology in the form of audio and video recordings of the proceedings before the magistrate. Consideration of such alternative technology is not permitted, however, before an appellate court. *Id.* at ¶ 15.

{¶ 17} App.R. 9(B) provides in pertinent part:

> (1) Except as provided in App.R. 11.2(B)(3)(b), it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6).
>
> * * *
>
> (3) The appellant shall order the transcript in writing and shall file a copy of the transcript order with the clerk of the trial court.
>
> (4) If no recording was made, or when a recording was made but is no longer available for transcription, App.R. 9(C) or 9(D) may be utilized. If the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of proceedings that includes all evidence relevant to the findings or conclusion.

\* \* \*

(6)(d)    The transcript of proceedings shall be prepared on white paper eight and one-half inches by eleven inches in size with the lines of each page numbered and the pages sequentially numbered[.]

The Staff Notes to App.R. 9 addressing amendments made in 2011 observe:

The amendments to App.R. 9 are designed to strike a balance between the trial court's autonomy in determining how to record proceedings in the trial court and the appellate court's preference for official transcripts in lieu of video recordings transcribed by counsel or counsel's assistants. Under App.R. 9(A), trial courts may choose to record proceedings through the use of a stenographic/shorthand reporter, an audio-recording device, and/or a video-recording device, except in capital cases, in which a stenographic/shorthand reporter is required. Regardless of the method of recording the proceedings, a transcript is required for the record on appeal; a videotaped recording of the trial court proceedings is no longer adequate. For parties who cannot afford to have a transcript prepared, existing case law already authorizes the use of a statement of proceedings under App.R. 9(C).

{¶ 18} App.R. 9(C) provides in pertinent part as follows:

(1) If no recording of the proceedings was made, if a transcript is unavailable, or if a recording was made but is no longer available for transcription, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection.

(2)  In cases initially heard in the trial court by a magistrate, a party may use a statement under this division in lieu of a transcript if the error assigned on appeal relates solely to a legal conclusion. If any part of the error assigned on appeal relates to a factual finding, the record on appeal shall include a transcript or affidavit previously filed with the trial court as set forth in Civ.R. 53(D)(3)(b)(iii), Juv.R. 40(D)(3)(b)(iii), and Crim.R. 19(D)(3)(b)(iii).

The Staff Notes to App.R. 9 addressing amendments made in 2013 observe:

App.R. 9 is amended to clarify that a statement of the evidence or proceedings in lieu of an unavailable transcript (under App.R. 9(C)) or an agreed statement of the case (under App.R. 9(D)) is available only in limited circumstances in

cases originally heard by a magistrate. One of the predicates for appealing from a factual finding in cases initially heard by a magistrate is that the trial judge must have had an adequate opportunity to conduct a full review of the factual finding. That full review is not possible unless the appellant provided the trial court with an adequate description of the evidence presented to the magistrate - either through a transcript or, if a transcript is unavailable, an affidavit describing that evidence. * * * Case law already provides that an appellate court will not review factual findings on appeal unless the appellant provided the trial court with that description of the evidence and that a statement under App.R. 9(C) or App.R. 9(D) does not overcome this problem.

Thus, generally, App.R. (9)(C) permits filing of a statement of the evidence in lieu of a transcript when: (1) no recording was made, (2) the transcript of the proceedings is unavailable, or (3) if a recording was made but is no longer available for transcription. In proceedings originally heard before a magistrate, however, App.R. 9(C) permits the filing of a statement of the evidence in lieu of a transcript when the error assigned on appeal relates solely to a legal conclusion.

{¶ 19} Here, appellant has failed to file a transcript of the proceedings before the magistrate; appellant has also not filed a statement of the evidence pursuant to App.R. 9(C). Furthermore, the record before us does not contain the recordings considered by the trial court in reviewing appellant's objections to the magistrate's decision. With regard to his failure to file a transcript, appellant states that he "does not consider inclusion of the transcript to be a necessity because the hard copy documents on the record are sufficient proof of defendant's deception." (Appellant's Reply Brief at 5.) Appellant is mistaken. Appellant's contention is inextricably linked with the trial court's consideration of the testimony before the magistrate in addition to any other evidence submitted to the court. This is evident in the trial court's consideration of recordings of the proceedings before the magistrate. Furthermore, in its decision, the trial court stated that "[t]he magistrate's findings were supported by the evidence and testimony." (Jgmt. Entry at 2.) Thus, without a transcript, we must presume that the trial court's findings are correct. *Barksdale* at ¶ 17. Accordingly, we overrule appellant's first, fourth, and fifth assignments of error.

## C. Second Assignment of Error

{¶ 20} In his second assignment of error, appellant asserts the trial court erred by not imposing penalties on appellee for failing to file a pre-trial statement. In support of his assertion, appellant points to Franklin County Municipal Court Loc.R. 6.01 which provides in pertinent part as follows:

> It shall be the duty of counsel to do the following at the pretrial hearing and failure to be prepared may result in dismissal of the case for want of prosecution or in a default judgment or such other action to enforce compliance as the trial judge deems appropriate.
>
> * * *
>
> 3. Each counsel shall present to the court in writing a statement of the issues involved, of the matters stipulated and of all questions of law which it is expected will be involved in the case.
>
> * * *
>
> The written statement shall be filed at or before the pretrial hearing.

{¶ 21} A trial court may adopt rules concerning pretrial procedure that vest the trial court with the discretionary power to impose sanctions on parties who violate those rules. *Telecom, Ltd. v. Wisehart & Wisehart, Inc.*, 10th Dist. No. 11AP-1147, 2012-Ohio-4376, ¶ 13, citing *Pang v. Minch*, 53 Ohio St.3d 186, 193-94 (1990). Here, Municipal Court Loc.R. 6.01 states that the failure of a party to properly prepare for the pretrial hearing "may" result in specified penalties "as the trial judge deems appropriate." Thus, by the plain language of the rule, the trial court is vested with discretion on whether to penalize a party for its failure to prepare for the pretrial hearing. Therefore, as enforcement under Municipal Court Loc.R. 6.01 is left to the sound discretion of the trial court, we will not reverse the trial court's determination absent an abuse of discretion. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." (Citations omitted.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 22} In his appellate brief, appellant states that "the court shows bias by allowing [appellee], who was represented by counsel, to skip the filing of the pretrial statement." (Appellant's Brief at 19.) Appellant fails to provide citation to any authorities or portions of the record to support this contention. Therefore, we find that appellant has failed to demonstrate that the trial court abused its discretion with regard to appellee's preparation for the pretrial hearing. Furthermore, appellant fails to demonstrate prejudice arising from the trial court's decision and, therefore, any error is harmless. Accordingly, we overrule appellant's second assignment of error.

## IV. Conclusion

{¶ 23} Having overruled appellant's five assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

SADLER and HORTON, JJ., concur.