**[Cite as *Stone v. Ohio Real Estate Comm.*, 2021-Ohio-809.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Brett Anthony Stone,  :
c/o Madison & Rosan, LLP,

                            :

        Appellant-Appellant,

                            :                No. 20AP-96
v.                                  (C.P.C. No. 19CV-7756)

                            :

Ohio Real Estate Commission,           (ACCELERATED CALENDAR)

                            :

        Appellee-Appellee.

                            :

D E C I S I O N

Rendered on March 16, 2021

**On brief:** *Madison & Rosan, LLP*, and *Walter J. McNamara, IV*, for appellant.

**On brief:** *Dave Yost*, Attorney General, and *Brian R. Honen*, for appellee. **Argued:** *Brian R. Honen*.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Appellant, Brett Anthony Stone, appeals from the January 13, 2020 judgment of the Franklin County Court of Common Pleas, affirming the September 11, 2019 adjudication order of appellee, Ohio Real Estate Commission ("commission"). For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} In 2015, appellant was a real estate salesperson licensed by the Ohio Department of Commerce, Division of Real Estate and Professional Licensing ("the division"). Appellant was employed with GCB Properties, III, LLC, who held a property

management contract for property located at 3857 Reeves Lane, Medina, Ohio ("Reeve's property").  Appellant was involved with the Reeves property as a property manager.

{¶ 3}    The division received a complaint regarding appellant's involvement with the property management of the Reeve's property.  On March 18, 2015, the division sent a notice of complaint by certified mail to appellant's residential address on file, "620 S Grant," Columbus, Ohio.  The notice was returned to the division with the notation that the forwarding service time had expired.[1]  On April 22, 2015, appellant notified the division by e-mail that he had moved to 1169 Forest Glen Road.  The division served appellant again by certified mail with a notice of complaint dated April 23, 2015 to his residence located at 1169 Forest Glen Road, Westerville, Ohio 43081.  The notice stated that a complaint was received by the division regarding the Reeve's property.  The notice informed appellant that an investigation would commence and requested appellant aid in the investigation by providing a written response and records for transactions and advertising related to the Reeve's property at issue within 20 days of the date of the letter.  A preliminary request for documentation was enclosed with the notice entitled "information request checklist."

{¶ 4}    On May 13, 2015, counsel for appellant contacted the assigned investigator via e-mail requesting additional time to respond.  An extension was given until May 22, 2015.  On August 10 and 26, 2015, the investigator contacted appellant's counsel looking for appellant's response.  Counsel responded on August 26, 2015 that a response would be sent by the end of the week.  On March 22, 2016, counsel for appellant inquired about the possibility of mediation and requested a further extension to respond if mediation was not an option.  Thereafter, the response deadline was extended to April 5, 2016 at the request of appellant's counsel.  Despite the extensions, appellant did not respond.

{¶ 5}    On July 26, 2016, the division issued a subpoena duces tecum to appellant requesting production of documents, including those requested in the schedule A attached to the subpoena, on or before August 8, 2016.  The subpoena was mailed to appellant's residential address on Forest Glen Road by certified mail, but returned as "unclaimed" and

---

[1] The trial court decision and appellee's brief state the division's first attempt to send notice was mailed to the 1169 Forest Glen Road address and the certified mail receipt was returned signed by appellant.  However, our review of the record reveals that the division's first attempt to send notice was mailed to 620 South Grant and that notice was returned to the division.  The record reveals that subsequent to that first attempt, the division mailed the notice to the 1169 Forest Glen Road address.

"unable to forward." On August 8, 2016, counsel for appellant acknowledged receipt of the subpoena and requested an extension to respond, which was granted. Appellant's responses were provided to the investigator on the agreed upon date. Upon receipt of appellant's response, the investigator notified counsel he had several follow-up questions to which counsel responded; however, total compliance with the subpoena was not made according to the investigator.

{¶ 6} For reasons not apparent in the record, the division did not move forward until April 4, 2018 when a notice of formal hearing was issued to appellant stating the investigation revealed reasonable and substantial acts in violation of R.C. 4735 and, if proven, disciplinary action may be taken which could result in suspension or revocation of his real estate license. Included with the hearing notice was an attachment, schedule A, setting forth:

> You, Brett Stone, a licensed real estate salesperson (License No. 2012002557), did the following with respect to property located at 3857 Reeves Lane, Medina, Ohio (hereinafter referred to as "the subject property"):
>
> 1. From on or about March 2015 through on or about July 2016, failed to provide assistance to the Division in case number 2015-164 by failing to timely respond to the notice of complaint and information request checklist. This conduct constitutes a violation of Ohio Revised Code Section 4735.18(A)(6), misconduct, as that section incorporates the Canons of Ethics for the Real Estate Industry, Section I, Article 3, which provides that a licensee should provide assistance wherever possible to the members and staff of the Real Estate Commission and Division of Real Estate in the enforcement of the licensing statutes and administrative rules and regulations.
>
> 2. From on or about February 26, 2016 through on or about December 31, 2017, failed to notify the superintendent of a change in personal residence address within a reasonable amount of time in violation of Ohio Revised Code Section 4735.18(A)(6), misconduct, as that section incorporates Ohio Revised Code Section 4735.14(D).
>
> 3. From on or about March 18, 2014 through on or about November 20, 2014, failed to correct an inaccurate charge to the property owner reflected on the owner statement. This constitutes a violation of Ohio Revised Code Section 4735.18(A)(9) as that section incorporates Ohio Revised Code

Section 4735.62(A), and/or a violation of Ohio Revised Code Section 4735.18(A)(6), misconduct as that section incorporates Ohio Administrative Code 1301:5-5-11(C).

{¶ 7} A hearing was held on September 28, 2018 before a hearing examiner wherein counsel for the division presented testimony from the investigator along with documentary evidence in support of the alleged violations enumerated in the schedule A. Counsel for appellant cross-examined the investigator. Appellant was present for the hearing but did not testify. Counsel agreed to submit written post-hearing briefs at the conclusion of the hearing.

{¶ 8} The hearing examiner issued a report on December 11, 2018 finding the evidence and testimony supported each of the division's three alleged violations and imposition of disciplinary sanction on appellant was warranted. The hearing examiner's report went before the commission for review on September 4, 2019. Counsel for the division and appellant appeared, respectively, and presented arguments for and against adoption of the hearing examiner's report. Counsel for appellant was not able to substantiate appellant's defense without appellant present, but provided:

On behalf of my client Brett Stone, I'm in a difficult position. I can't speak to the earlier communications between counsel and the Division. I was not representing him at the time so. I -- I did take over representation this past year when the investigation had concluded.

Mr. Stone assures me that he did provide all available documents to his previous counsel to be forwarded to the Division. I would ask that you acknowledge that Mr. Stone did attempt to cooperate with the Division. There was a lag time, I recognize, and, again, I can't speak to that.

(Tr. at 10-11.) Chairman Giller noted appellant's failure to appear before the commission made it difficult to answer the commission's questions and refute the evidence presented.

{¶ 9} The commission moved to adopt the hearing examiner's findings of fact and conclusions of law and to revoke appellant's real estate license on all three violations. Pursuant to an adjudication order issued September 11, 2019 formalizing the commission's decision, appellant's license was revoked effective October 3, 2019.

{¶ 10} Appellant filed a notice of appeal on September 26, 2019 in the common pleas court pursuant to R.C. 119.12. On January 13, 2020, the trial court issued a decision and

entry affirming the adjudication order finding it was supported by reliable, probative, and substantial evidence and in accordance with law.

## II. Assignments of Error

{¶ 11} Appellant appeals and assigns the following three assignments of error for our review:

> [I.] THE ADJUDICATION ORDER IS INVALID AND NOT IN ACCORDANCE WITH THE LAW.
>
> [II.] THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT THE ADJUDICATION ORDER WAS SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE.
>
> [III.] THE COMMISSION'S DECISION AND ADJUDICATION ORDER VIOLATE STONE'S RIGHT TO DUE PROCESS.

## III. Standard of Review

{¶ 12} Under R.C. 119.12, when a common pleas court reviews an order of an administrative agency, the common pleas court must consider the entire record to determine whether reliable, probative, and substantial evidence supports the agency's order, and the order is in accordance with law. *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110-11 (1980); *see also Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955).

{¶ 13} An appellate court's review of an administrative decision is more limited than that of the common pleas court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). We review to determine whether the common pleas court abused its discretion in determining whether substantial, reliable, and probative evidence supports the agency's order. *Roy v. Ohio State Med. Bd.*, 80 Ohio App.3d 675, 680 (10th Dist.1992). An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). On questions of whether the agency's decision was in accordance with law, we exercise plenary review. *Gralewski v. Ohio Bur. of Workers' Comp.,* 167 Ohio App.3d 468, 2006-Ohio-1529, ¶ 17 (10th Dist.).

## IV. Analysis

### A. Authority of the Ohio Real Estate Commission

{¶ 14} "The right to engage in the real estate business is in the nature of a privilege granted by the state, which has an interest in promoting the character, honesty, and intellectual competence of real estate licensees." *Boggs v. Ohio Real Estate Comm.*, 186 Ohio App.3d 96, 2009-Ohio-6325, ¶ 31 (10th Dist.). Accordingly, real estate licensees are held to a higher standard than the general public, which includes following the standards set forth in R.C. 4735. *Id.* To ensure these standards are met, the General Assembly authorized the commission to regulate the real estate profession and also adopt Canons of Ethics by which real estate professionals are to abide. *Id.*, *see* R.C. 4735.03(A).

{¶ 15} R.C. 4735.18(A) permits the superintendent of real estate to "investigate the conduct of any licensee [and] impose[] disciplinary sanctions upon any licensee who" violated any of the provisions found in R.C. 4735. *Id.* The commission is to rely on their own expertise to determine violations of ethical standards in the profession and those determinations shall be afforded due deference. *Glover v. Ohio Dept. of Commerce*, 10th Dist. No. 09AP-91, 2009-Ohio-6987, ¶ 23, 25.

### B. First and Second Assignments of Error

{¶ 16} For ease of discussion, appellant's first two assignments of error will be addressed together. In his first assignment of error, appellant argues the adjudication order is invalid and not in accordance with law. In his second assignment of error, appellant argues the trial court abused its discretion when it found that reliable, probative, and substantial evidence supports its decision. In discussing the merits of appellant's first and second assignments of error, we will address each of the three violations sustained by the adjudication order.

#### 1. Appellant failed to timely respond to the division's notice of complaint and information request checklist

{¶ 17} In his first assignment of error, appellant asserts the division failed to prove by a preponderance of the evidence that appellant committed the underlying conduct alleged in the division's first violation and therefore the adjudication order must be reversed.

{¶ 18} The division's first violation against appellant alleged that from on or about March 2015 through on or about July 2016, appellant failed to provide assistance to the division by failing to timely respond to the notice of complaint and information request checklist.   This conduct was alleged to rise to the level of misconduct under R.C. 4735.18(A)(6), which incorporates the Canons of Ethics of the Real Estate Industry, Section I, Article 3.   *See* R.C. 4735.03(A).   Specifically, the Canons provide that a "licensee should provide assistance wherever possible to the members and staff of the Real Estate Commission and Division of Real Estate in the enforcement of the licensing statutes and administrative rules and regulations."   *Canons of Ethics for the Real Estate Industry*, Section I, Article 3, https://www.com.ohio.gov/documents/RE_canons_of_ethics.pdf (accessed Mar. 16, 2021).[2]

{¶ 19} The division's violation specifies that the alleged violation occurred from on or about March 2015 through on or about July 2016.  On March 18, 2015, the division first sent notice to appellant requesting appellant's aid in the division's investigation by providing a written response to the complaint in addition to all transactional records and advertising for the Reeves property within 20 days of the date of the letter.  The notice included a respondent information checklist, a preliminary request for documentation related to the investigation.  The division's first notice sent March 18, 2015 was returned to the division due to forwarding service expired.  The same notice was also sent to appellant's place of business on March 19, 2015.  On April 22, 2015, appellant e-mailed the division admitting he had not updated his home address with the division.  In the e-mail, appellant provided his home address, 1169 Forest Glen.  The division then mailed a second notice of complaint to appellant on April 23, 2015. Appellant's first response came on August 12, 2016, after the division issued a subpoena and approximately 15 months after the investigation commenced.

{¶ 20} Instead of addressing the violation that was actually alleged, R.C. 4735.18(A)(6), misconduct, as that section incorporates the Canons of Ethics for the Real

---

[2] Our research revealed only the version cited above for the Canons of Ethics for the Real Estate Industry. Neither the trial court nor the parties indicated that the version cited above, currently in effect, is different in any way from the version in effect during the period of time of the alleged violations. Furthermore, the version of Section I, Article 3 cited above is the same as what is stated in the notice of violations provided to appellant for the first violation.

Estate Industry, Section I, Article 3, appellant confuses matters by arguing he could not have been charged with violations that were not charged. Appellant first points to Ohio Adm.Code 1301:5-1-13, which states: "Evidence that a licensee has failed to obey a subpoena issued pursuant to section 4735.04 or Chapter 119, of the Revised Code shall constitute prima facie evidence of misconduct and shall constitute a violation of division (A)(6) of section 4735.18 of the Revised Code." In defense, appellant maintains he produced all documents in existence at the time which were in his possession and that the division failed to find appellant failed to comply with the division's subpoena. He argues he cannot be charged under Ohio Adm.Code 1301:5-1-13. We will not address this argument because appellant was not charged under Ohio Adm.Code 1301:5-1-13.

{¶ 21} Next, appellant points to R.C. 4735.18(A)(24) and argues he did not fail "to keep complete and accurate records of all transactions for a period of three years from the date of the transaction." Appellant contends he provided all documents required by the statute and that his compliance, although not full, was substantial and therefore the division cannot support a violation. Again, we will not address this argument because appellant was not charged under R.C. 4735.18(A)(24).

{¶ 22} Citing R.C. 4735.18(A)(24) and Ohio Adm.Code 1301:5-1-13, appellant defends that his responses substantially, if not wholly, complied with the division's subpoena by providing all documentation in his possession. In support, appellant asserts the volume of documents produced substantiates his compliance. However, the division's violation states with specificity that appellant's violation is the timeframe, not the scope, of his response. Appellant's arguments misstate the division's violation and are unresponsive as presented.

{¶ 23} The trial court, although focused on appellant's argument regarding the sufficiency of his subpoena responses, found appellant still had not responded to the division's request for a response 15 months later. The court found:

> Having failed to fully comply with the Appellee *prior to* the issuing of the subpoena and having been dilatory and incomplete in responding to the subpoena, the Appellee had every right to sanction the Appellant. The Hearing Examiner was presented with more than adequate proof that the Appellant had violated the Canons of Ethics adopted by the Appellee.

> The record established that the Appellant failed to cooperate. A Notice letter was sent on March 18, 2015. The Notice letter formally requested documents from the Appellant. * * * Fifteen months after the Appellee's Respondent Information Request Checklist was sent, the Appellee still did not have the required responses. The Appellee was forced to issue the Subpoena.

(Emphasis added.) (Decision at 6.) The record supports the trial court's finding. Despite multiple requests for extensions to respond, appellant, through counsel, did not provide any response to the division during the time period set forth in the division's first violation from on or about March 2015 through on or about July 2016. Therefore, whether appellant complied with the subpoena that was issued July 26, 2016 is not relevant to whether he violated R.C. 4735.18(A)(6), which incorporates the Canons of Ethics for the Real Estate Industry, Section I, Article 3, as charged in the first alleged violation.

{¶ 24} Appellant, almost in passing, argues the division lacks authority by law or through the Canons of Ethics to enforce a specific timetable for a licensee's cooperation. As discussed herein, the regulatory function of the commission is to ensure ethical standards are abided by its licensees. The commission, based on its expertise, found appellant's response time to rise to the level of misconduct which was found by the trial court to be supported by reliable, probative, and substantial evidence. Our review of the record reveals the trial court did not abuse its discretion in making this finding. Furthermore, notwithstanding appellant's attempt to confuse the law which was allegedly violated, we find the trial court correctly applied the law outlined in the first violation.

### 2. Appellant failed to notify the superintendent of a change in personal residential address within a reasonable amount of time

{¶ 25} The division's second violation against appellant alleges that from on or about February 26, 2016 through on or about December 31, 2017, appellant failed to notify the superintendent of a change in personal residence address within a reasonable amount of time. According to the division, this failure violated R.C. 4735.14(D), and was considered to be misconduct in violation of R.C. 4735.18(A)(6).

{¶ 26} Under R.C. 4735.14(D) "[e]ach licensee shall notify the superintendent of a change in personal residence address." Although the statute does not provide a time for compliance, what constitutes reasonable time is left to the commission to determine. *Glover* at ¶ 23-25.

{¶ 27} Appellant argues the division failed to establish when appellant changed his residential address and defends that his business address was always on file with the division. In support of this assignment of error, appellant merely provides argument, failing to provide any citation to the record in support in violation of App.R. 16(A)(7).

{¶ 28} In its decision, the trial court notes appellant barely discussed in his brief the commission's finding that he failed to comply with the residential address requirements. The commission adopted the hearing officer's finding that appellant twice failed to notify the division of a change in his residential address. The trial court found appellant did not present evidence contrary that would support he was in compliance. Although the trial court did not state with specificity what evidence it found to substantiate the commission's ruling, our review of the record reveals evidence that supports the trial court's finding.

{¶ 29} Review of the record reflects that the division sent via certified mail its notice of complaint to appellant's residential address on file, 620 South Grant, Columbus, Ohio, which was returned due to the forwarding service time expiring. Appellant contacted the division to request electronic service of the complaint, acknowledging he had not notified the division he had moved, and providing a new residential address, 1169 Forest Glen Road, Westerville, Ohio. Due to the certified mail return of service notation, "forwarding time expired," the hearing examiner opined that over 12 months had passed since appellant moved from the 620 South Grant address.

{¶ 30} The division issued a subpoena duces tecum on July 26, 2016 by certified mail to appellant at 1169 Forest Glen Road. The subpoena was returned to the division as unclaimed. On August 17, 2016, the division's investigator e-mailed appellant's counsel asking for appellant's current residential address and date of occupancy. Counsel for appellant responded by e-mail on August 22, 2016 and provided appellant's home address, 7754 Flint Valley Court, Worthington, Ohio, and date of occupancy as February 26, 2016. It was not until six months later, upon inquiry from the division, that appellant provided a current home address.

{¶ 31} When the division attempted contact with appellant at his residential address it was unsuccessful on two occasions because appellant moved and failed to notify the division of his new residential address. According to testimony from the investigator on September 28, 2018 before the hearing examiner, changes to appellant's home address had

been given only during the course of the investigation. The commission deemed appellant's failure to notify the superintendent of a change in personal residential address within a reasonable amount of time to rise to the level of misconduct, which is within its authority. The trial court found reliable, probative, and substantial evidence to support the adjudication order and our review of the record reflects the trial court did not abuse its discretion in making this finding.

### 3. Appellant failed to correct an inaccurate charge to the property owner as reflected on the owner statement

{¶ 32} The division's third violation alleges that from on or about March 18, 2014 through on or about November 20, 2014, appellant failed to correct an inaccurate charge to the property owner reflected on the owner statement. According to the division, appellant's conduct constitutes a violation of R.C. 4735.18(A)(9), which incorporates 4735.62(A), "[e]xercising reasonable skill and care in representing the client and carrying out the responsibilities of the agency relationship." The division also charges in the conjunction or alternative, appellant's alleged violation of R.C. 4735.18(A)(6), misconduct, as that section incorporates Ohio Adm.Code 1301:5-5-11(C): "[a] separate ledger sheet shall be maintained for each owner of property managed by the brokerage identifying * * * information."

{¶ 33} Addressing the third violation, appellant states:

> Mr. Stone disputes any violations of law and argues that the complainant owed monies related to a contract dispute that is ongoing, and that all Mr. Stone's actions were appropriate considering that the parties were actively engaged in a dispute over fees owed by the complainant to his company. Complainant failed to fulfill her contractual obligations, and Mr. Stone responded in an effort to mitigate his company's losses sustained pursuant to the fees dispute.

(Appellant's Brief at 15-16.) Yet, appellant does not refer us to any place in the record where this alleged error is reflected as required by App.R. 16(A)(3) and (7).

{¶ 34} In *James v. My Cute Car, LLC*, 10th Dist. No. 16AP-603, 2017-Ohio-1291, ¶ 10, this court held:

> "The burden of affirmatively demonstrating error on appeal rests with the party asserting error." *Lundeen v. State Med. Bd. of Ohio*, 10th Dist. No. 12AP-629, 2013-Ohio-112, ¶ 16, citing

> *State ex rel. Petro v. Gold*, 166 Ohio App.3d 371, 2006-Ohio-943, ¶ 51 (10th Dist.), citing App.R. 9 and 16(A)(7). Pursuant to App.R. 12(A)(2), an appellate court may " 'disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).' " *Morgan v. Ohio State Univ. College of Dentistry*, 10th Dist. No. 13AP-287, 2014-Ohio-1846, ¶ 64, quoting *Lundeen* at ¶ 16. " 'It is the duty of the appellant, not the appellate court, to construct the legal arguments necessary to support the appellant's assignments of error.' " *Cook v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-852, 2015-Ohio-4966, ¶ 40, quoting *Bond v. Canal Winchester*, 10th Dist. No. 07AP-556, 2008-Ohio-945, ¶ 16. *See also Young v. Locke,* 10th Dist. No. 13AP-608, 2014-Ohio-2500, ¶ 16 ("App.R. 16(A)(7) requires that an appellate brief contain an argument in support of each assignment of error presented for review with citations to the authorities, statutes, and parts of the record on which appellant relies."). "It is not the duty of this court to search the record for evidence to support an appellant's argument as to alleged error." *Petro* at ¶ 94.

Therefore, pursuant to App.R. 12(A)(2), we disregard this portion of appellant's assignment of error.

{¶ 35} For the reasons stated above in our discussion for each of the violations, we find the trial court did not abuse its discretion in finding the record reflects the adjudication order is supported by reliable, probative, and substantial evidence. We further find the trial court's decision is in accordance with the law.

{¶ 36} Accordingly, we overrule appellant's first and second assignments of error.

## C. Third Assignment of Error

{¶ 37} In his third assignment of error, appellant asserts the commission's decision and adjudication order violate his due process rights. Appellant asserts the revocation of his real estate license is extreme and an abuse of power. In support of this argument, appellant argues that violations one and two caused no harm to the public or and were not the result of nefarious wrongdoing. Appellant again argues there was not reliable and probative evidence to support the third violation because there was an ongoing contractual dispute.

{¶ 38} When an administrative board's action is based on reliable, probative, and substantial evidence, and is in accordance with law, a reviewing court may not modify the imposed sanction if it is authorized by law. *Henry's Café, Inc. v. Bd. of Liquor Control*, 170 Ohio St. 233 (1959); *Shah v. State Med. Bd. of Ohio*, 10th Dist. No. 14AP-147, 2014-Ohio-4067, ¶ 17.    In *Wolfe v. Accountancy Bd. of Ohio*, 10th Dist. No. 16AP-453, 2016-Ohio-8542, this court stated that "[t]he determination of the appropriate sanction in an administrative hearing is strictly for the agency." *Id.* at ¶ 16, citing *Reed v. State Med. Bd.*, 162 Ohio App.3d 429, 2005-Ohio-4071, ¶ 41 (10th Dist.).   Furthermore, this court has applied *Henry's Café* in the arena of professional licenses. *See Shah* (upheld permanent revocation of medical license); *Kellough v. Ohio State Bd. of Edn.*, 10th Dist. No. 10AP-419, 2011-Ohio-431 (upheld permanent revocation of teaching license); *Wolfe* (upheld revocation of a certified public accountancy certificate).

{¶ 39} Here, we have found the trial court did not abuse its discretion in finding the commission's order is supported by reliable, probative, and substantial evidence and in affirming the commission's order acted in accordance with law.  Revocation of appellant's license was authorized under R.C. 4735.18(A) and 4735.051(I)(1), we cannot agree that it was not authorized.  *See Randolph v. Ohio Div. of Real Estate*, 10th Dist. No. 09AP-909, 2010-Ohio-2558, ¶ 25.

{¶ 40} Accordingly, we overrule appellant's third assignment of error.

**V. Conclusion**

{¶ 41} For the reasons stated herein, we find the trial court did not abuse its discretion in finding the commission's adjudication order is supported by reliable, probative, and substantial evidence. We also find the trial court's decision was in accordance with law.  For the foregoing reasons, we overrule appellant's three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and BEATTY BLUNT, JJ., concur.